Chief Justice Robertson
delivered the Opinion of the Court.
A license having been granted to Mabry & Co. November 7th, 1832, to vend clocks in the county of Knox, for one year, one Timothy Tugmutton, as agent of Mabry, sold a clock to Thomas Bullock, in said county, November 12th, 1832, and took his obligation for forty dollars, the price thereof.
Upon an appeal to the Circuit Court, from a judgment by a Justice of the Peace on the said note — there being proof that one Moore, as Mabry’s agent, had taken the' license, and that he and Tugmutton and several other persons were traversing the county of Knox, with wagons freighted with clocks, which each of them was selling under pretence of the license to Mabry & Co. — the Judge decided that, according to the fourth and ninth sections of the statute of 1831, (2 Stat. Law, 1381-3,) the note was void.
The only question presented for revision is, whether that decision, rendered on a submission of the law and the facts to the Judge, was right.
The fourth section of the act provides — that “ no ped- “ lar or transient person shall barter or sell any clock or “ clocks in any county in this State, until he shall have “ obtained license to do so — which license the clerk of “ the county court is hereby authorized to grant, for “ one year, upon his paying in advance to said clerk, <s the sum of ten dollars.”
And the ninth section provides — “that all contracts “ for the sale of clocks, without license as required in “ this this act, shall be void.”
If it be conceded that the only object of those enactments was to obtain revenue, by levying a tax on the business of vending clocks, we should, nevertheless, be *338 of the opinion that a person or co-partnery licensed to sell in a county, would not be authorized to do so by a multitude of agents at the same time; because the concession of such a right would lead to evasions of the statute, and abuses of the license, by persons acting in fact for themselves, but affecting to be agents and to be selling under the authority of the same license to one only; and it was to prevent any such consequence, (as we think,) that the act requires every transient person, who sells clocks, to obtain a license authorizing him to do so.
It seems to us, therefore, that the license was intended to be personal and exclusive. And consequently, we are of the opinion that no person can lawfully vend clocks, in any county in this State, unless he has a license authorizing him to do so.
Wherefore, as Timothy Tugmutton had no license, the sale made by him to Bullock, and the obligation taken on consideration of it, were illegal and void; and therefore, the judgment of the Circuit Court is right.
Wherefore, the judgment is affirmed.