Chief Justice Robertson
delivered the Opinion of the Court.
Micajah Ogg having sold to William Tinsley, a tract of land supposed to contain one hundred acres, for the price of six hundred dollars, payable in three instalments — the parties mutually executed an article of agreement, reciting the contract, and stipulating, on the one side, for a delivery of the possession of the land on the 25th of December, 1836, and, on the other, for a payment of the first instalment (two hundred dollars) on the same day.
In April, 1837, Ogg sued Tinsley, in covenant, for the nonpayment of the two hundred dollars, payable on the 25th of December, 1836, and, among other averments, alleged that he had conveyed the legal title to the land to Tinsley, by a deed which the latter had accepted, and also, that he had, on the 25th of December, 1836, delivered to him the possession of the land.
Tinsley filed four pleas. In the first he averred that Ogg, knowing that he had not a perfect title in fee simple at the time of the contract, nevertheless, fraudulently deceived him in that respect, by then falsely representing that he had such a title. In the second, after averring the same facts, he also averred' that Ogg had *386 not, at the time of the filing of the plea, such a title, as he sold and then represented that he had, and also, that, “ within a reasonable time” after discovering the alleged fraud, he had offered to rescind the contract, and had tendered to Ogg a reconveyance of all the right which Ogg had conveyed to him. The third merely traversed the allegation in the declaration respecting the delivery of the possession of the land. The fourth plea differs from the second in one particular only, and that is this: the fourth sets out, in licec verba, the reconveyance which was tendered, and the second only makes proferí of it; and it is not exhibited in the record.
The Circuit Court having sustained demurrers to pleas No. 1, 2, 4 — the jury, sworn to try the issue on the third plea, found a verdict for the plaintiff in the action, and the Court rendered a judgment thereon.
The judgments on the demurrers present the principal questions brought up for revision.
First. The first plea is obviously and radically insufficient; because, among other reasons, though it admits the acceptance of the deed from Ogg, it does not allege any offer to rescind the contract; and certainly, as long as the contract remains unrescinded, either by the consent of the parties, or by operation of law, the alleged fraud could not bar the action for the consideration money.
Second. The second plea is insufficient: (1.) because it does not aver that the alleged fraud was not discovered or known when Tinsley accepted the conveyance from Ogg; for, if all the facts were then within Tinsley’s knowledge, the acceptance of the deed was a waiver of the alleged fraud; (2.) because the plea does not aver that Ogg had not a title in fee simple when he made the deed purporting to convey such a title; the averment that he had not such a title at the date of the executory sale, does not negative the fact of his having it at the date of his deed; nor is this latter fact inconsistent with the averment that he had not such a title at the time of filing the plea; for, if he had a perfect title in fee simple at the date of his deed, nevertheless, he could not have bad any title after his conveyance to Tinsley of all the *387 right he had; (3.) because the record does not exhibit the deed referred to in the second plea, and therefore, this Court could not decide that it was sufficient.
Third. For all the same reasons, except the last, the fourth plea is as defective as the second.
Wherefore, there seems to have been no error in sustaining the demurrers to the pleas 1, 2 and 4.
Nor was there injurious error in permitting Ogg to read to the jury the deed he had made to Tinsley; for the pleadings having admitted that such a conveyance had been made, and accepted, Tinsley could not have been prejudiced by the exhibition of it before the jury-
Nor did the Circuit Court err, either in refusing to permit Tinsley to read to the jury a deed purporting to be a reconveyance offered to Ogg; or in overruling the motion for a new trial, on the alleged ground, that the verdict was contrary to the evidence and law of the case. The rejected paper was alto- ■ gether irrelevant to the issue ; and the evidence authorized the deduction that Ogg had virtually given. Tinsley the possession of the land on the 25th of December, 1836.
Having thus noticed all the points presented for judicial consideration, and found no available error, it is therefore considered that the judgment of the-Circuit Court be affirmed.
If Tinsley be entitled to any relief, his appropriate and only available remedy would now seem to be a bill in chancery, or an action for fraud ; by one of which remedies, he might obtain full redress, if he shall have been wronged.