## J. F. RYNEARSON v. W. G. BOHON.

**Practice—Fraudulent Purchase—Pleading.**

    Where one is sued for purchase money of a mill, he may plead and rely on the fraud of the vendor in making the sale by setting up a counterclaim for damages.

**Measure of Damages.**

    Where the purchaser of a mill is sued for the purchase money, but sets up, by way of counterclaim, fraud in the vendor in making the sale, and establishes the same, his measure of damages consists of the cost of repairs to make the property what it was represented to be, and the fair rental value of the mill for the time he was necessarily prevented from running it.

#### APPEAL FROM MERCER CIRCUIT COURT.

#### January 6, 1877.

OPINION BY JUDGE PRYOR:

The case of *Tinsley v. Ogg*, 7 Dana 385, relied on by counsel for the appellee, is conclusive of the right of the appellant to rely upon

the fraud, if any, of the appellee in the present case. In that case it is said the available remedy for the purchaser is by bill in chancery or an action for fraud, by one of which remedies he might obtain full redress. That is, the party, if defrauded, might seek to rescind the contract or institute an action for damages. If he can bring an action at law for the fraud, we perceive no reason why under our present system of pleading he may not, when sued for the purchase money, rely on the fraud as a counterclaim. See *Wade v. Thurman,* 2 Bibb 583.

We think the allegations of the answer are sufficient to constitute a good defense. It alleges that the soundness of the dam is a material element entering into the value of such property; that it was purchased as a water mill; that at the time of the purchase the true condition of the dam could not be discovered by examination, by reason of the depth of water upon it, and that the defendant represented it as all right, with new rafters, etc., and relying on these representations he made the purchase; that the representations were false, and the defendant knew them to be so.

If the want of knowledge on the part of appellant as to the condition of the dam is not sufficiently alleged, the same is placed directly in issue by the reply which states that the appellant knew the condition of the dam when he made the purchase. The answer, however, we think, alleges in substance a want of knowledge on the part of the appellant as to the condition of the dam when it was purchased. The demurrer to the answer was not disposed of by the court below, and after permitting the defense without disposing of the demurrer the court below, upon the issue made, should have permitted the evidence offered in support of the counterclaim to go to the jury. The damages the appellant is entitled to recover in the event he sustains his defense must be confined to the reasonable cost of repairing the dam, and the fair rental value of the mill for the time he was necessarily prevented from running it by reason of the break, it being the duty of appellant to make the repairs as soon as practicable.

The judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings.

*T. C. Bell, for appellant. Thompson & Thompson, for appellee.*