Bacon v. Wood.

MILTON H. BACON, plaintiff in error, *v.* JOHN T. WOOD, defendant in error.

3 265
57a 398

*Error to Macoupin.*

To sustain an action instituted to recover a penalty for selling clocks without license, it is necessary to prove not only a sale of clocks, but such a sale as the law forbids; not a sale by a citizen, " in the common way of deal," but a sale by one obviously a pedler in such traffic.

The isolated fact of the sale of two clocks, will not justify the inference that the vendor was a regular pedler, or dealer in clocks, in violation of the law.

THIS was an action, *qui tam,* commenced by the defendant in error, before a justice of the peace of Macoupin county, to recover the penalty imposed by the statute against clock pedlers. The justice rendered a judgment for the defendant in error, for the sum of $ 50, and costs, from which an appeal was taken to the Circuit Court of Macoupin county, where the cause was tried at the April term, 1837, before the Hon. William Brown, without a jury, and judgment rendered in favor of the defendant in error, for the sum of $ 25.

On the trial in the Court below, the following bill of exceptions was taken :

" Be it remembered, that on the trial of this cause, the plaintiff proved by one Barnes, a witness introduced by the said plaintiff, that the defendant in this cause sold to him, the said Barnes, a clock, at the house of the brother of the said Barnes, (witness,) situate in the county of Macoupin, and about one hundred, or one hundred and fifty yards from the county line of Madison county, as the said witness supposed. That the said witness resided in the county of Madison, about three or four hundred yards from the residence of the said witness' brother ; that witness and defendant, a few days previous to the aforesaid sale of the said clock, had conversed together about the purchase of the said clock, but that no purchase was then made, that the clock was selected, and the note therefor given, at the house of the said witness' brother, but was delivered by the defendant at the residence of said witness, in Madison county ; that the witness' brother also bought a clock of the defendant at the same time, but as to the time when the said clock was purchased, there was no proof offered. This was all the proof or testimony introduced by the plaintiff, who submitted his cause to the decision of the Court, on the testimony. The defendant offered no evidence, but contended, that the plaintiff had wholly failed to make out his cause, by his testimony ; and thereupon, after argument of counsel for the defendant, upon said testimony, the counsel for the plaintiff declining argument, the Court permitted the plaintiff to recall the aforesaid witness, Barnes, and

to prove by said witness, that he, the said witness, purchased the said clock of the said defendant, in October, A. D. 1835 ; to which said opinion of the Court, the defendant by his counsel objects, and prays that this, his bill of exceptions, may be signed, sealed, and made part of the record.

"WILLIAM  BROWN,  [SEAL.]"

The cause was brought to this Court by writ of error.

The assignment of errors is as follows :  First, It does not appear from the evidence, that said Bacon was obviously a pedler in the traffic of clocks.  Secondly, The law imposing penalties for selling clocks without license, in force January 31st, 1835, requires the penalty to be $ 50, whereas the judgment was for $ 25 only.  Thirdly, Said act last referred to, is contrary to the Constitution of the United States, and of the State of Illinois.  Fourthly, The Court erred, in not dismissing said suit for want of jurisdiction in the justice who tried the cause.

JOSIAH FISK, for the plaintiff in error, cited acts of 1835, 64 ; Gale's Stat. 515.

S. T. LOGAN, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court :

This action was commenced before a justice of the peace, under the act of 1835, which imposes a penalty of fifty dollars for vending clocks without license.

This act does not apply to sales, &c. by citizens, who are not obviously pedlers in such traffic.  It does not appear from the bill of exceptions, (which professes to contain all the testimony,) that the defendant was not a citizen, or that he was engaged in the traffic, sale, or line of clocks as a business.

The only evidence upon this point was, that the defendant had sold two clocks at the same time, but, in what character, or under what circumstances, does not appear.  It may have been at public vendue of his property, or in the language of the statute, "in the common way of deal," and, if so, there was no penalty incurred.

The only object of the law, was to require a license from those who made the traffic of clocks their regular occupation, in whole, or in part.  It was not intended to prohibit citizens from acquiring and disposing of them like other articles of property, as might suit their convenience, in their occasional traffic and dealings with each other.  The isolated fact of the sale of two clocks, will not justify the inference, that the defendant was a regular pedler, or dealer in clocks, in violation of the law.  In penal prosecutions, the presumption of law is in favor of the innocence of the accused.  To convict the defendant, therefore, in this case, it was necessary to prove not only a sale of clocks, but such an one as

the law forbids; not a sale by a citizen in the common way of deal, but a sale by one obviously a pedler in such traffic. No such evidence appears to have been given. The judgment of the Court below must therefore be reversed.

Some other errors are assigned, but as the insufficiency of the testimony disposes of the whole case, it is unnecessary to notice them.

*Judgment reversed.*

*Note.* See note of decisions in relation to construction of statutes, at the end of the case of Mason *v.* Finch, *Ante* 225.