PETER GUTZWELLER, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

ERROR TO MADISON.

It is the undoubted right of the legislature to repeal so much of an act incorporating a city, as gives authority to its officers to grant licenses for the sale of ardent spirits; whether the money to be derived from the sale of such licenses was especially appropriated to the support of paupers, or otherwise.

AT the September term, 1851, of the Madison Circuit Court, a bill of indictment was found against Gutzweller, for unlawfully selling spirituous liquor by a less quantity than one quart, contrary to the form of the statute, &c. At March term, 1852, of the same court, UNDERWOOD, Judge, presiding, Gutzweller was found guilty. The counsel for Gutzweller, and the people, made an agreed case to the effect, that this cause should be brought to the Supreme Court, all formalities being waived, containing the following points at issue between the people and Gutzweller, viz.: That Gutzweller resided in the city of Alton, in Madison county, on the first day of September, A. D. 1851, and that on that day he sold spirituous liquors as charged in the indictment; that when he sold said liquor, he had a regular license, under the authority of the city of Alton, authorizing him to sell spirituous liquors, but that said license was not issued to him by the said city until after the law of 1851, passed by the legislature of Illinois, had taken effect, which prohibits altogether the sale of spirituous liquors in less quantities than one quart; that the said Gutzweller insists that the law of 1851 did not deprive the city of Alton of the power to grant licenses to retail spirituous liquors to persons living in the city, while the State contends that said law of 1851 did deprive the city of said power.

W. MARTIN and H. W. BILLINGS, for the plaintiff in error.

LEVI DAVIS and W. H. HERNDON, for the people.

CATON, J. We cannot persuade ourselves into a doubt of the authority of the legislature to take from the city of Alton the power to grant licenses to sell spirituous liquors. That right was conferred by the city charter passed in 1837, and the receipts for such licenses contributed towards a fund for the support of paupers within the city. It is within the undoubted jurisdiction of the legislature to determine within what

districts of country the inhabitants shall be associated together, for the purpose of supporting the paupers within the prescribed limits. Whether such district shall be a town, city, or county, or even the whole State, is for the lawmaking power to determine. It was as much the right of the legislature to say that the city should support her paupers, as that the county should support hers. So, too, it was for the legislature to determine who should issue licenses to sell strong liquors, and to specify whether the money thus raised should be devoted to the support of paupers, or the maintenance of the police, or to any other purpose. It gave the city no more a vested right to issue licenses, because the legislature specified the objects to which the money should be applied, than if it had been put into the general fund of the city. If the legislature could not take from the city authority the power to issue licenses, it certainly had no right to deprive the counties of the same authority. Cities are as much the creatures of legislative will as are counties, and what may be done with the one, they have authority to do with the other.

Was it the intention of the legislature, by the law of 1851, to deprive the city of Alton of the right which she had hitherto enjoyed of granting these licenses ? The language of the law is so explicit that it leaves but one possible answer to the question. After prohibiting the sale and prescribing the penalty for a violation, the act, in the sixth section provides, that " All laws and parts of laws authorizing licenses to be granted to keep groceries, for the sale of vinous, spirituous, or mixed liquors, are hereby repealed, and the provisions of this act shall extend to all incorporated cities or towns in this State, any thing in their charters to the contrary notwithstanding." From this it is too plain to be argued, that it was the intention of the legislature to withdraw all authority which had ever been conferred upon any subordinate governmental agencies to grant licenses for the sale of liquor; and that thenceforth the sale of ardent spirits in less quantities than one quart should be absolutely prohibited. By this law the power is as much taken from the city of Alton, as if she had been expressly named in the act. It was *pro tanto* a repeal of the city charter, and was for that purpose as effectual as if the entire charter had been taken away ; and if the legislature had the right to do the latter, they certainly had authority to do the former. The license set up as a defence in this case, was issued without authority of law, and can afford no protection to the defendant for the commission of the act which was in express violation of the law.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*