<hr />

## HIRAM ORTON *v.* DRURY J. BROWN.

TAXES: OWNERS OF CIRCUSES NOT LIABLE TO COUNTY LEVIES.—The sum of twenty-five dollars imposed, by the Revenue Act of 1857, on each day's exhibition of a circus, is not a tax on property, but a charge for a license for an exhibition; and hence, the owner of a circus is not liable to pay, in addition to the sum imposed by the statute, any other amount, for county levies.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

*John D. Freeman,* for plaintiff in error,

Contended, that the sum of twenty-five dollars, imposed by the statute, was a license for the exhibition, and, when paid, conferred the right to exhibit, without further charge.

*Johnston* and *Shelton,* contra.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiff in error, to recover a certain amount of money collected of him by the defendant, as tax collector of Hinds county, under the following circumstances:—

The plaintiff was the proprietor of a travelling *circus,* and in the month of March, 1857, gave public exhibitions at three places in Hinds county, for one day at each place, and offered to pay the defendant, as tax collector, the sum of twenty-five dollars for each day of exhibition; but the defendant demanded and compelled him to pay the further sum of thirty-five dollars and ninety-three cents for each day of exhibition, as due the county of Hinds for county taxes,—being the per cent. upon the sum of twenty-five dollars, State tax, fixed by the Board of Police of that county upon the

Orton *v.* Brown.

State taxes, for county taxes. There was no assessment upon the tax list of the sum of twenty-five dollars, as State tax, against the plaintiff, or any other person, on account of the circus, and no assessment for county taxes thereon. The plaintiff paid the sums required, by compulsion, protesting that it was not collectable by law.

The case was submitted to the court below, and judgment rendered for the defendant.

This judgment is founded on the Revenue Act of 2d February, 1857, which provides, among other things, that, "for the support of the government of this State, the following taxes shall be assessed and collected :" . . . . . "twenty-five dollars for every circus for each day's performance, or for every day such company shall perform in this State; and it shall be the duty of the sheriffs of the several counties in which such performances shall be had, to collect the same." Acts 35–37. And the only question necessary to be considered is, whether the tax authorized by the act was intended to be a *tax on property*, or a *license for an exhibition.*

It appears to be evident that it is of the latter character. It is true that the word tax is employed; but it is manifest that it was not intended to be a tax on property, for the sum is required to be paid "for each day's performance," and not for the introduction of the property connected with the circus, into the State. The property, from the nature of the business in which it is employed, is transitory, and therefore only a matter of consideration, with reference to the revenues of the State, so far as it might be used for public exhibitions. In fact, the sole purpose of its introduction and use in the State, is public exhibition for money. Hence the law taxes the exhibition as a matter of public police, and thereby gives the right to make the exhibitions upon payment of the sum required. This, in effect, is a *license to do an act*, and *not a tax upon property;* and therefore, when the sum required is paid, the right is conferred without further exaction.

The additional tax collected in this case, was therefore received without legal authority, and the plaintiff was entitled to recover it.

Judgment reversed, and judgment *de novo* for the plaintiff.