## ADDISON *v.* SAULNIER.

THE Act of May 3d, 1852, entitled "An Act to provide for the appointment of a
Gauger for the Port of San Francisco," is constitutional. It does not violate
section eleven, article one of the Constitution, requiring all laws of a general
nature to have a uniform operation, because it is not a general, but a special
law.

Addison *v.* Saulnier.

Nor does the act violate section thirteen of article two of the Constitution, which says taxation shall be equal and uniform, because the percentage allowed the Gauger is not a tax within the Constitution, but is a mere fee to a public officer in the exercise of a police power.

Nor is the act unconstitutional as imposing duties on imposts by State authority, or as interfering with the Federal Government in its regulation of commerce, because the State has a right to pass inspection laws, and this involves the power of enforcing such laws by adequate provisions to pay the officers inspecting the goods.

APPEAL from the Fourth District.

Suit for two hundred and twenty-four dollars, for services as Gauger under the Act of May 3d, 1852—the complaint being a single count in assumpsit.   Answer, a general denial.

The facts as agreed upon are, that plaintiff was the State Gauger under the act named; that during the year 1859 defendant received from France seven hundred and fifty casks of claret wine, containing in the aggregate 45,000 gallons; that upon the arrival of said casks of wine in San Francisco, plaintiff, as Gauger, gauged and inspected them, and marked thereon the quantity and quality of the same, charging defendant for such service one-half of one per cent per gallon; that when plaintiff so marked said casks they had just been landed from the ship, were still in their original form and packages, and had not become incorporated and mixed with the rest of the property of the State; that it is the custom of merchants to sell the wine in said casks by the cask without reference to the number of gallons contained in the casks, and without inspection thereof; that plaintiff's services at said rate amounts to two hundred and twenty-five dollars; and that he inspected said wines by virtue of his office, and not by request of defendant.

Upon these facts, the Court below held that plaintiff was not entitled to recover, and entered judgment for defendant.   Plaintiff appeals.

*Geo. F. & W. H. Sharp,* for Appellant, cited *People* v. *Naglee* (1 Cal. 232); *People* v. *Coleman* (4 Id. 46); *Smith* v. *Judge of Twelfth District* (17 Id. 547); *Moore* v. *Patch* (12 Id. 165); *McCulloch* v. *State of Maryland* (4 Wheat. 316); 12 Id. 419, 657; 2 Pet. 449; 4 Id. 514; 6 Id. 515, 691; 14 Id. 526; 16

Addison *v.* Saulnier.

Id. 435 ; 3 How. 151 ; 5 Id. 504; 6 Id. 507 ; 7 Id. 283 ; 16 Id. 369 ; Smith's Com. on Const. 331, sec. 201 *et seq.*

*Whitcomb, Pringle & Felton,* for Respondent, cited Const. of Cal. art. II, sec. 13 ; Id. art. I, sec. 11 ; Const. of U. S. art. I, sec. 8 ; *Brown* v. *State of Maryland* (12 Wheat. 419) ; 22 How. U. S. 241 ; *Almy* v. *State of California* (24 Id. 169).

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This case involves the question whether the Act of the Legislature of May 3d, 1852, entitled "An Act to provide for the appointment of a Gauger for the Port of San Francisco," is constitutional.

The respondent's counsel contests its constitutionality on several grounds :

1. That it violates the provision which declares that general laws shall have a uniform operation.   But the answer is, that this is not a general, but a special statute.   We cannot know that any necessity exists for an inspectorship of this sort at any other port or place in the State than San Francisco ; and the provisions of the act are made applicable to that city alone.

2. That the charge given to that act in favor of the Gauger is a tax, and that this tax is not equal and uniform.   But we do not regard these charges as a tax in the sense of the Constitution, but as a mere charge or fee to a public officer in the exercise of a police power.

3. Nor is the act unconstitutional as imposing duties on imposts by State authority, or interfering with the Federal Government in its regulation of commerce.

The State has a right to pass inspection laws.   (Sec. 10, art. I, of the U. S. Const.)   This involves the power of enforcing such laws by adequate provisions for the remuneration of the officers charged with the duty of inspecting goods, etc.

The act in question we think is constitutional ; and according to the stipulation, the judgment below is reversed, and judgment will be entered here for the plaintiff.