CHIEF JUSTICE WILLIAMS
delivered the opinion op the oodrt:
By section 20 of the act of March 9, 1867, “ to reduce into one the several acts in regard to the town of Lancaster,” it is enacted that the trustees “ shall have the right to tax and right to license all taverns within the limits of said town, granting to, withholding from the same, as may be deemed expedient by said trustees, the privilege of selling by retail wines, brandies, whisky, rum, and other spirituous liquors and intoxicating drinks, and fix the tax therefor in a sum not exceeding two hundred dollars on each per annum.”
Appellant having gone to considerable expense in purchasing and refitting and furnishing a house for public entertainment in Lancaster^ paid to the United States collector thirty dollars for its license to keep a tavern, with the right to retail ardent spirits, and the trustees of the town demanded of him one hundred and twenty-five dollars for a like privilege, which he paid under protest, twenty-five dollars of which went into the Treasury of the State, and one hundred went into the town treasury; and to recover this latter sum he brought suit against the said trustees, which the court below disallowed, and he seeks a reversal.
This suit is predicated upon the asserted unconstitutionality of said enactment; for if it be valid law, the trustees did not demand as much as said statute authorized.
*408 The legislative power of raising revenue for the State or local communities has not been restricted by the State Constitution, nor inhibited by the Federal Constitution. The power to raise revenue being unrestricted, this court cannot interfere with the statutes, whilst the enactments are confined to such purposes, however impolitic it may seem.
It is true that the principle of equality running through our constitutional system of government does not admit of discrimination in behalf of one citizen to the detriment of another, and, therefore, the trustees, under the discretionary power conferred by this statute, could not license one individual for one hundred dollars, whilst they should charge another two hundred dollars for the same privilege; but they could determine not to grant such license to any one for less than any given sum not exceeding two hundred dollars, and this would put all upon equality; nor would this equality be destroyed by the refusal to license any one they might deem unsuitable for such purpose, either because of immorality, want of qualification, or because not suitably prepared for such business, nor a total refusal«fo any one after a sufficiency of such public houses had been licensed and set up.
This licensing system has been so long exercised by this State, so generally adopted and exercised by our sister States and the United States, that we cannot doubt the constitutional power in the Legislature to enact such statutes; and whilst confined within revenue purposes, such statutes are beyond our control.
It is possible that á statute so flagrantly beyond revenue purposes as to indicate other objects under its guise might be violative of constitutional rights; but before this court would determine such, it would have to appear palpable and unmistakable; for without such, this court would not *409 presume such unworthy motives in a co-ordinate branch of the government. This statute is not even liable to .a suspicion of such motives; for it leaves with the local legislative board to fix the amount, only limited not to transcend the given sum of two hundred dollars; nor does this conflict with any previous adjudication of this court.
Wherefore, the judgment is affirmed.