No. 2096.—STATE OF LOUISIANA *v.* GEORGE A. FOSDICK.

The penalties imposed on merchants for selling hay in the city of New Orleans without first having it inspected according to law is not a tax upon imports or upon the produce of other States of the Union brought here for sale, but is simply a protection to the public against the introduction of commodities that are unfit for commerce.

The Constitution of the United States expressly permits the States to pass inspection laws.

APPEAL from the Third Justice's Court, parish of Orleans. *Monta-mat*, J. P. *Hornor & Benedict*, for the State, appellee. *Given Campbell*, for defendant and appellant.

WYLY, J.   The State sues to recover from the defendant the penalty of one hundred dollars for selling one hundred bales of hay without having them inspected as required by the act of the twenty-eighth March, 1867, entitled "An Act to establish the office of Inspector of Hay for the city and port of New Orleans, and to regulate the duties appertaining to the same," and by the Act amendatory thereof, approved September 18, 1868.

The answer admits that the defendant sold the hay without having the same inspected under the acts of the Legislature referred to; but denies any liability to the State for violating said acts; it avers that the hay was produced in New York and consigned to him by citizens of that State for sale, and acting as a commission merchant, he sold it shortly after its arrival in the same packages in which it was prepared for market by its owners in New York. "That the hay thus introduced into the State of Louisiana from the State of New York and thus sold, is exempt from import duty and other tax for the benefit of the State of Louisiana." That said laws compelling said inspection and imposing a penalty for failing to comply therewith, are in conflict with the Constitution of the United States, and therefore void, being in effect laws levying import duties and regulating commerce between the States.

The court below gave judgment for plaintiff and the defendant has appealed.

The facts are not disputed; the defendant sold the hay without having it inspected as required by law, and the State claims the penalty prescribed in the law.

The act of the eighteenth of September, 1868, amendatory of the third section of the act of twenty-eighth March, 1867, makes it the duty of the inspectors of hay to inspect all lots of hay in the city. * * It further provides "that no hay shall be sold in the city of New Orleans until it has been once inspected as provided for in this act, and that any person who shall sell hay in said city and port that has not been inspected as aforesaid, shall be liable to a penalty of one dollar for every bale so sold, to be recovered with costs of suit, in any court of competent jurisdiction.

The question to be considered is whether this act violates the Constitution of the United States.   Article 1, section 8, clause 3 declares that: "the Congress shall have power * * * to regulate commerce with foreign nations, and among the several States, and with the Indian tribes."

The second clause, section ten, of the same article provides that "no State shall, without the consent of Congress, lay any imposts or duties on imports or exports, *except what may be absolutely necessary* for executing its inspection laws."   * * *

33

The object of the inspection laws is doubtless to ascertain whether the merchandise is fit for commerce and to protect the community from fraud. In the act we are now considering we can perceive no import duty or tax, nor any benefit resulting to the State except to protect its citizens and its market from commodities that are unfit for commerce. The fees allowed to the inspection officers are only a remuneration for their services; the defendant has not complained that they are excessive. The issue is not that the fees allowed the inspection officers are more than are absolutely necessary, but that the law itself in effect levies import duties and regulates commerce between the States, which the Constitution of the United States prohibits.

We do not perceive that the acts referred to levy any imposts or tax upon the products of other States sold in this State.

The State derives no revenues therefrom. The acts are in the nature of police regulations established for the protection of the markets of this city against the sale of products unfit for commerce. The Constitution expressly permits the States to pass inspection laws.

The authorities cited by defendant do not apply to this case.

It is therefore ordered that the judgment appealed from be affirmed with costs.