THE CITY OF ST. LOUIS, Respondent, *v.* D. C. SIEGRIST, Appellant.

1. *Ordinances — "Tavern," meaning of term.*—The Legislature, in making use of the word "tavern" in the revised charter of the city of St. Louis (Sess. Acts 1867, p. 63, § 18), undoubtedly and manifestly intended to make it comprehend all hotels and houses which entertain and accommodate the public for compensation, even though they may not have the privilege of selling liquors.

*R. S. MacDonald*, for appellant.

The evidence in this case shows that the appellant keeps a house at which travelers are entertained and guests boarded. No dram-shop or stable are shown to be connected with it. It is a boarding-house, and in no sense can it be termed a tavern. The Legislature intended that all public houses at which there are liquors retailed, and having stables connected with them, should be licensed if the city council chose to exercise that power. The Legislature never intended the word " tavern " to embrace all the private boarding-houses in the city of St. Louis having ten or more rooms.

*McGinness*, City Attorney, and *Woerner & Kehr*, for respondent.

The terms " hotels " and " boarding-houses," in legal contemplation, are synonymous. (Webster's Dic., ed. 1864; Worcestor's Dic., ed. 1860 ; Burrill's and Bouvier's Law Dic.; Crown Point v. Warner, 3 Hill, 156 ; Commonwealth v. Fells, 9 Leigh, 612 ; Curtis v. State of Ohio, 5 Ham. 324.)

WAGNER, Judge, delivered the opinion of the court.

The objection urged, that the complaint was insufficient and that the court erred in not dismissing it, is, we think, untenable. It is true it might have been more certain and precise, but it substantially set forth the facts constituting the violation of the ordinance and sufficiently apprised the defendant of what he was called on to defend against.

38—VOL. XLVI.

The defendant was charged with violating an ordinance of the city of St. Louis providing for licensing hotels and boarding-houses. He was proprietor of the Olive Street Hotel, and it is shown that the house contained over one hundred rooms; that it was used for entertaining boarders and travelers for pay, and that the proceeds were paid to him.

Section 1 of the ordinance (Ordinance 6984, licensing hotels and boarding-houses, approved June 29, 1869) provides that any person keeping a public house for the accommodation of travelers, or who shall board persons from whom he receives any compensation, shall be deemed a hotel or boarding-house keeper.

By section 2 it is provided that every person or copartnership of persons keeping a hotel or boarding-house having ten or more rooms shall pay an annual license of one dollar for each and every room, etc.

Among other powers granted to the city by the charter, it has authority " to license, tax, and regulate auctioneers, grocers, merchants, retailers, and taverns."

The only point made in the case is, that the word "tavern" does not include a hotel. Webster defines a tavern to mean " a public house where entertainment and accommodation for travelers and other guests are provided; an inn; a hotel usually licensed to sell liquors in small quantities." At common law any person was an inn or tavern keeper who made it his business to entertain travelers or passengers and provide lodging and necessaries for them, their horses and attendants. When they were licensed they usually had the privilege of selling liquors, but this depended wholly upon the provision of law.

" Tavern," " hotel," and " public house " are in this country used synonymously; and while they entertain the traveling public, and keep guests, and receive compensation therefor, they do not lose their character, though they may not have the privilege of selling liquors.

The distinction, as respects inn and tavern keepers, observed in England, under the common law, does not exist with us, and different names are applied to them, though "hotel" and

"house" are usually and commonly used to denote a higher order of public houses than the ordinary tavern or inn.

The Legislature, in making use of the word "tavern," undoubtedly and manifestly intended to apply it to the whole class, and make it comprehend all hotels and houses that entertain and accommodate the public for compensation.

Judgment affirmed. The other judges concur.