## THE STATE v. GEORGE W. DOBSON.

In an indictment, under the Act of 1868–'9, ch. 213, for selling spirituous liquors within three miles of the Western North Carolina Rail Road, during the period of its construction, "unless licensed by the State," it is a complete defence to show a license granted by the County Commissioners of the County in which the selling takes place, as such Commissioners are the agents of the State for that purpose.

The defendant was indicted and tried before *Cloud, J.,* at the Fall Term, 1870, of the Superior Court for McDOWELL County, under the Act of 1868–'9, ch. 213, entitled "An Act to prohibit the sale of intoxicating liquors within three miles of that part of the Western North Carolina Rail Road from Morganton to the western terminus of the road at Ducktown and Paint Rock."

The jury found a special verdict "that the defendant sold spirituous liquors as alleged in the bill of indictment, but that the defendant had a license from the County Commissioners of McDowell County to sell spirituous liquors at his, the defendant's, residence, which is less than three miles of the road; that said license was obtained from the Commissioners after the passage of the Act aforesaid." Upon this special verdict the Court was of opinion that the defendant was not guilty and gave judgment accordingly, and the Solicitor for the State appealed.

*Attorney General,* for the State.
*Malone,* for the defendant.

SETTLE, J. This is an indictment, under the Act of 1868–'9, ch. 213, sec. 1, which is as follows, to-wit: "That it shall be unlawful for any person or persons, to sell, give away, or dispose of any kind of intoxicating liquors, within three miles of the Western North Carolina Rail Road from Morganton to the western terminus of the road at Duck--

town and Paint Rock, during the construction of said road, unless licensed by the State."

The second section prescribes the punishment upon conviction.

The jury returned a special verdict, to the effect, that the defendant sold spirituous liquors, as charged in the bill of indictment, but that the defendant had a license from the County Commissioners of McDowell County, to sell spirituous liquors at his residence, which is in less than three miles of the road.

The Court being of opinion upon this verdict, that the defendant was not guilty, directed his discharge, from which judgment the Solicitor for the State, appealed.

The whole case turns upon the construction of the words, " unless licensed by the State," which we find in the Act upon which the indictment is founded.

This Act evidently contemplates that there is authority existing some where to grant such license, and what the State does by her agents she does by herself.

The County Commissioners are the agents by which such police regulations are now carried into effect, and we are to understand the words " unless licensed by the State," to mean, unless licensed by authority under the State.

Any other construction would make it impossible to obtain such license, although the authority to grant the same is taken to be some where, for there is no suggestion that the State has made provision to grant such license otherwise than is provided by general law.

This is a penal statute and must be construed strictly. We are to infer nothing in derogation of the rights of the citizen.

The judgment of the Superior Court is affirmed.

PER CURIAM.                         Judgment affirmed.