## STATE *v*. ROBERT HALL.

The lessee of a stall in a market house, who furnishes meals to the public, does not keep an "Eating House," within the meaning of the Revenue Act of 1872–'73, which requires that such persons should take out a license, and pay a license tax.

INDICTMENT, for keeping an eating house without having obtained license therefor, tried before *Watts, J.*, at January Term, 1875, WAKE Superior Court.

The jury returned a special verdict, (which is fully stated in the opinion of the Court), and thereupon it was adjudged by the Court that the defendant was not guilty. From this judgment the State appealed.

*Attorney General Hargrove* and *Harris*, for the State.
No counsel for the defendant in this Court.

RODMAN, J. The act under which this bill of indictment was drawn, is chap. 144, of the acts of 1872–'73. Its language so far as is material to the present case, is as follows :

"SCHEDULE B. The taxes in this schedule imposed, are license

tax, for the privilege of carrying on the business, or doing the act named," &c.

"Sec. 13. On the gross receipts of hotels, boarding houses (except those used for educational purposes) restaurants and eating houses, the tax shall be one-fourth of one per centum."

"Sec. 26. Every person required in this act to pay a tax on receipts or sales, shall list on oath to the Register of Deeds on the first days of January, April, July and October of each year, the amount of receipts or sales for the preceding quarter and the Register of Deeds shall keep a record of the same in a book kept for that purpose."

The Register shall furnish the sheriff with a copy of the lists, who shall immediately proceed to collect the taxes, &c. Any person failing to list shall be subject to a double tax, &c.

"Sec. 27. No person shall follow any of the trades or professions taxed by this act, or in any other act, &c., without first listing the same to the Registers of Deeds and obtaining a license from the sheriff of the county in which the trade or profession is to be followed," &c.

Sec. 28. Gives the form of the license.

"Sec. 32. Every person who shall practice any trade or profession or use any franchise taxed by the laws of North Carolina without having first paid the tax and obtained a license, as herein required, shall be deemed guilty of a misdemeanor, and shall also forfeit and pay," &c.

The special verdict states:

I. "That the defendant, Hall, leased at the time specified in the bill of indictment, a stall in the market house, in the city of Raleigh, and kept therein for sale articles of food, such as potatoes, onions, apples, and other vegetables.

II. That the said Hall also furnished for the public, in said stall, meals, such as are furnished by restaurants and other boarding places, which were partaken of for pay, by such as chose to go there and eat. That this was habitually done, and the public was accommodated by having meals furnished at any time of the day."

We conceive the only question to be, whether the defendant kept "an eating house" within the act.   When a statute uses a word which has no fixed and definite meaning, and the context furnishes no guide to the meaning, there is but one rule to which we can resort by which to ascertain what meaning the Legislature intended it should have, and that is, its meaning in common conversation.   Now, we think that in ordinary conversation, nobody would speak of a stall in a market as a house,—although perhaps, for some purposes, it might be so held.   Nor, because meals were sold at the stall, would it be ordinarily spoken of as an "eating house."

To give the word the extensive meaning contended for by the State, would make it include every person who, along an unfrequented highway, sold meals whenever called on by a traveller, however rare the said travellers might be ; and a multitude of other petty dealers, whose useful industries, although they might well afford to pay the tax of one-fourth of one per centum on their gross receipts, would be prohibited if the dealers were required to keep an account of their receipts at the beginning of each quarter, to go through the various ceremonies which the act prescribes ; to pay the prescribed fees, and, for the least omission, to be subject to the very heavy penalties imposed by the act, including the costs of a prosecution by the Solicitor, whose fee alone, without counting those of the clerk and sheriff, might, and in many cases would, many times exceed the tax.   Such a construction would be vexatious and oppressive to a great number of poor and useful persons, without materially increasing the revenue.

In an act taxing "provision dealers," as "eating houses" are taxed in this act, the Legislature probably would not intend to include the boys who sell peanuts in the rotunda of the Capitol.   *De minimis lex non curat.*

PER CURIAM.                    Judgment below affirmed.