## THE CITY OF BURLINGTON v. LAWRENCE.

1. **Municipal Corporations:** CRIMINAL LAW: BILLIARD TABLES. In the exercise of the power granted to cities "to suppress and restrain * * * billiard tables " (Code, § 456), it is competent for municipal governments to license the same, under proper conditions.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 5.

AN agreed case to test the authority of the city of Burlington to license billiard tables used within its limits. There was a judgment for defendant. Plaintiff appeals.

*Samuel K. Tracy*, for appellant.

*Thos. Hedge, Jr.*, for appellee.

BECK, J.—Under Code, § 456, cities are authorized "to suppress and restrain   *   *   *   billiard tables." Under this authority, the municipal corporations of the State may so legislate as to suppress the use of billiard tables. If, in the wisdom of the respective city governments, such legislation is not demanded, and the interests of the people would be better protected by *restraining* the use of such tables, this may be done. The manner of doing it—the means to be used, is left to the legislative discretion of the cities, so far as it may be exercised in harmony with the constitution and the laws of the State. To restrain means to "hold back," "repress," "hold in check." While the subject is not suppressed, it is held in check and under control. The means of doing this, as we have said, is left to be chosen, in the exercise of wisdom, by the city government. In order to control and hold in check such games and amusements the owners of the instruments used ought to be known to the police authorities of the city that they may be more readily held liable for violation of ordinances of the city and subject to such control and restriction as may be lawfully imposed on them. In exercising such control improper persons may be forbidden to keep billiard tables and there must be some means adopted by which the city officers may determine who may or who may not be such persons, and permit or forbid applicants engaging in such business. The city government in the exercise of its wisdom may well conclude that the proper means of attaining all of these ends is by licensing the keeper of billiard tables which by its ordinances are intended to be restrained. The license, then, is the means used by the city to enforce its power to restrain billiard tables and is adopted in the exercise of that power.

These views are in harmony with our ruling in *The City of Burlington v. Bumgardner*, *supra*, and are supported by *Smith v. City of Madison*, 7 Ind., 86. The judgment of the District Court is                                    REVERSED.