## STATE OF ARKANSAS VS. CLAYTON.

CRIMINAL PLEADING: *Indictment.*
   The act of May 30th, 1874, regulating the licensing of dram shops, makes
      no change in the taxes, or in the mode of licensing those who sell in
      quantities of a quart or more, but the punishment it prescribes for keep-
      ing a saloon or dram shop without a license, is different from that for
      failing to pay the taxes required of those who sell by the quart and in
      larger quantities; and an indictment that does not show whether the
      defendant is charged with selling by the quart and in larger quantities, or
      in less quantities than that, is defective and demurrable for uncertainty.

APPEAL from *Sharp* Circuit Court.

Hon. WILLIAM BYERS, Circuit Judge.

*Attorney General* for the State.

HARRISON, J.:

Appellee was indicted for failing to pay the special taxes due
by him as a vendor of ardent spirits.    The indictment was as
follows:

The Grand Jury of Sharp County in the name and by the
authority of the State of Arkansas, accuse Walker Clayton of
the crime of failing to pay special taxes committed as follows:

The said Walker Clayton, on the 17th day of August, A. D.
1876, in the County of Sharp unlawfully did follow the occupa-
tion of a vendor of ardent spirits by then and there selling to one
Thomas Y. Huddleston, ardent spirits, on which special taxes are
levied by law: he, the said Walker Clayton, then and there hav-
ing unlawfully failed to pay the special taxes levied thereon by
law, against the peace and dignity of the State of Arkansas.

                    J. L. ABERNETHY, Pros. Atty.

The defendant demurred to the indictment for the want of
certainty; and as charging no offense.    The court sustained the
demurrer, and quashed the indictment.

State of Arkansas vs. Clayton.

The statute (revenue act of April 28th, 1873), imposes on liquors dealers, whether selling by wholesale or retail, an annual State and county tax of $100, or for any part of the current year in which the business is carried on: and directs the county clerk from time to time to issue and place in the hands of the collector blank licenses, to be filled up and countersigned by the collector and delivered to such dealers upon the payment of the taxes. The refusal or failure to pay the taxes is declared a misdemeanor, and the person so offending is subject upon conviction to a fine of not less than two hundred, nor more than one thousand dollars.

The act of May 30th, 1874, regulating the licensing of dram shops, prohibits the keeping a drinking saloon or dram shop for the sale of ardent, vinous, or fermented liquors, for sale in quantities less than one quart, without having procured a license for that purpose from the County Court: and the County Court is not authorized to issue such license except by the consent of the electors of the township, city, ward, or incorporated town in which the saloon or dramshop is to be kept, expressed by an election, held to determine whether such licenses shall be granted or not: nor until the applicant therefor shall pay to the proper officers all fees, licenses, costs and taxes that may be levied by any proper authority : and have entered into bond to the State of Arkansas in the penal sum of $2000, with two good sureties, conditioned that such applicant will pay all damages that may be occasioned by reason of liquors drank at his house, and shall pay to any person all such sums of money as may be lost at gaming in his said saloon or dram shop, or any room or building thereto attached.

And it declares that any person keeping a drinking saloon or dram shop, without procuring a license, shall be deemed guilty of a misdemeaner, and on conviction, shall be fined in any sum

not less than one hundred dollars and imprisoned in the county jail not less than thirty days.

The latter act makes no change in the taxes or in the mode of licensing those who sell in quantities of a quart or more, but the punishment it prescribes for keeping a saloon or dram shop without a license is different from that for failing to pay the taxes required of those who sell by the quart and in larger quantities.

It does not appear from the indictment, whether it was the intention to charge the defendant with selling by the quart and in larger quantities, or in less quantities than that. If the latter, he should have been charged with keeping a drinking saloon or dram shop, without having procured a license, and if the former, the charge should have been restricted to the occupation of selling in quantities of a quart and over. The charge of failing to pay the taxes without such restriction applied to and embraced every vendor of liquors, and from its generality it was impossible for the defendant to understand the particular offense intended to be charged. For this reason the indictment was defective, and the court did not err in sustaining the demurrer.

Judgment affirmed.