[No. 933.]

## Ex Parte MARTIN COHN.

Tax on Foreign Insurance Companies—Constitutional.—In construing the provisions of the act to regulate and tax foreign insurance companies (2 Comp. Laws, 3947): *Held*, that the imposition of the percentage on premiums is a tax upon the business of the insurance companies, and is not repugnant to the provisions of article 10 of the state constitution. (*Ex parte Robinson*, 12 Nev. 263, affirmed.)

Habeas corpus before the Supreme Court.

The facts are stated in the opinion.

*C. H. Belknap*, for Petitioner.

I. The title of the act, as well as its express terms, shows that one of its objects is to impose a tax upon foreign insurance companies. The distinction between a tax and a license-fee is marked. License is an exercise of the police power of the state; its object is regulation; a right to license does not confer a right to charge a license-fee therefor, for the purpose of revenue. But taxes are imposed for the purposes of revenue only. (Cooley on Taxation, 408; Cooley on Cons. Law, 201.) The imposition of license-fees has always been held to be in the exercise, not of the taxation power of the state, but of its police power, and are imposed, not upon property, but upon trades, professions and occupations. (*People* v. *McCreery*, 34 Cal. 448; *Chilren* v. *People*, 11 Mich. 50; *Ex parte Robinson*, 12 Nev. 263.)

II. The first portion of article 10 of the constitution applies to all taxation; and that portion which requires a just valuation of property applies by its very terms only to property.

III. But a tax upon premiums is a tax upon money, and, therefore, a tax upon property. (*Glasgow* v. *Rowse*, 43 Mo. 490.)

*John R. Kittrell, Attorney-general, Frank V. Drake,* District Attorney of Storey County, and *Robert M. Clarke,* for Respondent.

Article 10 of the constitution has no application to taxes imposed upon non-resident corporations for the privilege of doing business in this state. (*Ex parte Robinson*, 12 Nev. 263; 1 Cal. 233; 28 Id. 360; 34 Id. 447; 3 E. D. Smith, 440; 12 B. Monroe, 218; 99 Mass. 148; *Baker* v. *Cincinnati*, 11 Ohio St. 534; *Bright* v. *McCullough*, 27 Ind. 223; *Kitson* v. *Mayor etc.*, 26 Mich. 325; *Glasgow* v. *Rowse*, 43 Mo. 479; *Sacramento* v. *Crocker*, 16 Cal. 119.) A foreign corporation has no right to carry on business in this state without the consent of the state. (*Degroot* v. *Van Duzer*, 20 Wend. 390; *Blackstone Mfg. Co.* v. *Inhabitants etc.*, 13 Gray, 488; *State*

v. *D. L. & W. R. R. Co.*, 30 N. J. 473; *Atterberry* v. *Knox*, 4 B. Mon. 90; *Day* v. *Newark Ind. Rub. Co.*, 1 Blatch. 632; *Commonwealth* v. *Milton*, 12 B. Mon. 212; *Bank of Augusta* v. *Earle*, 13 Peters, 588; *Paul* v. *Virginia*, 8 Wall. 168–81.)

III. The state has the power to impose a tax upon foreign insurance companies for the privilege of doing business in this state. (Angell & Ames on Corp. sec. 486 a; *Attorney-general* v. *Bay S. M. Co.*, 99 Mass. 148; *Blackstone Mfg. Co.* v. *Inhabitants etc.*, 13 Gray, 488; *Fire Dept.* v. *Noble*, 3 E. D. Smith, 440; *Commonwealth* v. *Milton*, 12 B. Monroe, 212; 1 Cal. 233; 4 Id. 48; 28 Id. 360; 34 Id. 447; *In re Comstock*, 3 Sawyer, 218; *Paul* v. *Virginia*, 8 Wall. 181; *Ducat* v. *Chicago*, 10 Wall. 410–15.)

By the Court, HAWLEY, C. J.:

Petitioner claims that the "act to regulate and tax foreign insurance companies doing business in this state" (2 Comp. Laws, 3947), is in violation of the provisions of article 10 of the state constitution, in this, that it imposes "a tax of two per cent. on the amount of gross premiums" collected from fire and inland risks, and of "one per cent. on the amount of premiums" collected from life risks on all insurance companies incorporated under the laws of other states or foreign governments, whilst the insurance companies incorporated under the laws of this state are not required to pay such tax.

This is the only point argued or relied upon by petitioner's counsel. It is conceded that in all other respects the law in question is in conformity with the provisions of the federal and state constitution. It is admitted (as decided by the supreme court of the United States in *Paul* v. *Virginia*, 8 Wal. 168, and affirmed in *Ducat* v. *City of Chicago*, 10 Wal. 410) that a corporation has no legal existence beyond the limits of the sovereignty where it is created, and is entirely dependent upon the comity of other states to which it migrates.

Now if a sovereign state may, under the federal constitution, exclude the foreign corporation entirely, then it necessarily follows that—as long as it keeps within the limits

of its own constitution—it may impose any terms or conditions it pleases in giving its assent to such corporation to transact business within the limits of the state. The supreme court of this state, in *Ex parte Robinson*, 12 Nev. 263, decided that article 10 of the state constitution "refers particularly to the levy of *ad valorem* taxes," and does not apply " to licenses imposed for conducting any business or profession."

We are of opinion that the imposition of the per centage on premiums in the insurance law is a tax upon the business of the insurance companies. It is a condition precedent to the right of a foreign insurance corporation to do business within the limits of this state, and is not an *ad valorem* tax on property, and hence, upon the principles decided in *Ex parte Robinson*, is not repugnant to the provisions of article 10 of the state constitution.

The petitioner is remanded.