CASE 77—EQUITY—MARCH 11.

# Joyce v. Woods.

### APPEAL FROM KENTON CHANCERY COURT.

1. Both the body and title of an act should be considered in order to arrive at the legislative intention.

2. An act, entitled "An act to amend the charter of the city of Covington," is not invalid because the body of the act does not designate the city of Covington by name.

3. A city cannot burden the property of a citizen with the cost of abating a nuisance without a judicial hearing and judgment as to its existence.

T. F. HALLAM FOR APPELLANT.

1. The act in question is unconstitutional. It is void for uncertainty. (Constitution of Ky., sec. 37, art. 2; United States v. Palmer, 3 Wheat., 631; 5 Wallace, 107; 2 Cranch, 358; 1 Ohio, 480; 1 Ld. Ray., 77; 1 Ga., 171; 5 Cal., 209; 6 Mod., 62; Dwarris, 502.)

2. There has been no judicial determination of the fact that any nuisance existed.

No brief for appellee.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Under an act, approved April 23d, 1873, entitled "An act to amend the charter of the city of Covington," the city council, by ordinance, declared a lot belonging to appellant, which was covered by stagnant water filled with putrid substances, to be a nuisance, and notified appellant that he must either fill or drain the lot within fifteen days after notice or that the city would cause it to be done at his expense. On failure of appellant to fill or drain the lot, it was filled by appellee, under contract with the city, and appellant refusing to pay appellee, he brought this action and obtained judgment subjecting the lot to the payment of the claim. From that judgment this appeal is prosecuted, appellant claiming a reversal on two grounds:

*First.* Because the act under which the council proceeded
ˑis in violation of section 37, article 2, of the constitution of
ˑthis state;

*Second.* Because the council declared the nuisance with-
ˑout any notice to appellant to defend.

The objection under the first head is that the body of the
ˑact does not designate the city of Covington by name.   It
reads: " *Be it enacted by the General Assembly of the Com-
ˑmonwealth of Kentucky*, That the city council," &c.

The section of the constitution invoked in aid of this
ˑobjection is as follows: "No law enacted by the General
Assembly shall relate to more than one subject, and that
ˑshall be expressed in the titlè."   No question is made that
the subject of the act is referred to in the title, provided the
ˑbody of the act is sufficiently identified with or by the title
ˑto be operative at all.   We are unable to perceive wherein the
ˑconstitution interferes with the operation of this act.   But
for this provision the act might be operative without a title,
ˑor even in case where the title was in conflict with the body
ˑof the act.   In that sense, then, and in the absence of
such a constitutional provision, it may well be said that the
ˑtitle is no part of the act, but here the constitution makes
ˑthe title a part of the act, even to such an extent as to
ˑcontrol the application of the act itself.   Instead of its
being the duty of the courts to disregard the title, they
are compelled by the constitution to consider both the body
ˑand the title in order to arrive at the legislative intention.
When thus considered there can be no doubt, in the present
ˑinstance, that the body of the act has reference to the city
ˑof Covington, and that the words "city council" refer to the
ˑcouncil of the city of Covington.

The second question is one of more difficulty. It is whether the proceedings authorized by the legislature and pursued by the city council are not in violation of the Bill of Rights that "no one shall be deprived of his property unless by the law of the land," and "that property shall not be taken and applied to public use without just compensation." The first of these provisions is the only one that bears upon the question presented by this record.

It is proper to remark that the petition in this case, a demurrer to which was overruled, and appellant declining to plead, judgment was entered, does not allege that the condition of the lot rendered it a nuisance, but the pleader contents himself with charging that it was declared to be a nuisance by ordinance of the city council.

There was no judicial determination that there was a nuisance, and no opportunity offered the owner of the lot to contest that matter. Under the exercise of the police power, it may be conceded that municipalities can declare and abate nuisances in cases of necessity, without citation and without adjudication as to whether there is in fact a nuisance. But whenever the action of the municipality in declaring and abating a nuisance goes so far as to fix a burden upon the owner of the property, he is entitled to be heard upon the question as to the existence of the nuisance. This right to a hearing upon this question may come before or after the nuisance is abated, as circumstances may require, but there must be an opportunity offered him to be heard upon that matter before his property can be loaded with the cost of the removal of the nuisance. To the extent that property is thus burdened by the action of the city council, when there is no necessity to precipitate action without adjudication, the owner is deprived of his property, regardless.

Joyce v. Woods.

·of "the law of the land." The meaning of that provision of the constitution has generally been construed to be a law that hears before condemning, and arrives at a judgment for the divestiture of the rights of property through what is ordinarily understood to be judicial process—the general ·rules that govern society in reference to the rights of prop-·erty; and it is only in extreme cases, where the preservation ·and repose of society or the protection of the property rights of a large class of the community absolutely require a departure, that the courts recognize any exception. (Var-·den v. Mount, 78 Kentucky Reports, 86.) In this case there is no pretense of a necessity for precipitate action. There is no reason why appellant should not have been per-mitted to test the question as to the existence of the nuisance. Without its existence, the property of appellant is not liable to assessment to pay for the work done under the direction of the city council in the removal of what it ·assumes to be a nuisance.

As, under the legislative authority granted to the city council to abate such nuisances, the property-owner is per-mitted to abate them himself, the council should have first ascertained, after judicial hearing by the owner, the exist-·ence of the nuisance, and then determined the manner in which the work should be done, in order that the owner might intelligently exercise his privilege of abating at his ·own expense.

Judgment reversed, and cause remanded, with directions ſfor further proceedings consistent with this opinion.