### JOHN P. JOYCE *v.* THOMAS WOODS.

[Abstract Kentucky Law Reporter, Vol. 4—440.]

**Power of City Council to Abate a Nuisance.**

A city council has no power to declare the existence of a nuisance without a hearing being first given the owner of property affected by its action.

APPEAL FROM KENTON CHANCERY COURT.

November 23, 1882.

OPINION BY JUDGE PRYOR:

We do not well see that appellee had any standing in court after the decision of the case upon a former appeal. The nuisance may have been properly abated, that is, the reasons for the action of the council may have been sufficient to justify their action, but still the appellant was entitled to be heard, and if even decided adverse to him the right on his part to make the improvement, or remove the nuisance existed, and as no opportunity was afforded him to do this, this court in the former opinion adjudged the proceeding erroneous. It was not a case where the removal, or abatement of the nuisance required immediate action, and this court held that the council had no power to declare the existence of the nuisance without a hearing being first given the owner of the property. He clearly had the right to show that the council was in the wrong or to convince that body that no nuisance existed and for the failure to do this the judgment was reversed. By the amended pleading the appellant may have denied the nuisance or its existence, but still it decided against him, and he has been deprived of the right, by reason of the precipitate action of the council, of removing the

nuisance or complying with the order of the council. A burden can not be imposed on a citizen by way of damages, or in the nature of compensation for an alleged wrong done or committed without giving him an opportunity to make defense. In this case a nuisance is declared to exist and the appellant, upon that declaration, is required to make the improvement or to pay some one for making it. Such is not the law, and it is too late after he has been deprived of certain rights given him by the charter vesting the council with the power attempted to be exercised to offer him an opportunity to make defense.

Judgment *reversed* and cause remanded.

*T. F. Hallam, for appellant.*

*R. D. Handy, for appellee.*

[See *Joyce v. Woods*, 78 Ky. 386.]