## *In re* WATSON.

*(District Court, D. Vermont.* December 1, 1882.)

1. LICENSE—PEDDLERS—STATE LAW UNCONSTITUTIONAL.

A state statute requiring all persons engaged in peddling to procure a license for the privilege of selling their goods within the state, and discriminating against goods, wares, and merchandise manufactured without the state, and which further provides that no person shall be licensed as a peddler who has not resided in the state one year next preceding his application for a license, thereby discriminating against non-residents, is in violation of that clause of the constitution of the United States which gives to congress the power to regulate commerce among the several states, and of that clause which secures to citizens of each state all the privileges and immunities of citizens in the several states.

2. STATUTORY OFFENSE—EFFECT OF UNCONSTITUTIONAL PROVISION.

Where, by a state law, peddling without a license is made an offense, and non-residents are expressly prohibited from obtaining a license, the part discriminating against non-residents cannot be taken away and leave enough to render a non-resident guilty, or support a prosecution and conviction for the offense.

On *Habeas Corpus.*

*S. C. Shurtleff,* for relator.

*Joseph A. Wing,* for the State.

WHEELER, J. The Revised Laws of the state of Vermont define who shall be deemed a peddler, and provide that "no person shall be deemed a peddler by reason of selling articles of goods, wares, or merchandise, which are the manufacture of the state, except plated or gilded wares, jewelry, clocks, and watches;" that no person shall be licensed as a peddler who has not resided in the state one year next preceding the application for a license; what the license fees shall be ; and that a person who becomes a peddler without a license in force shall forfeit not more than $300, nor less than $50. Revised Laws, §§ 3951, 3952, 3954, 3955. The relator is a citizen of Massachusetts, and has not resided in this state, and is prosecuted for becoming a peddler by selling plated wares, jewelry, and watches, manufactures of Massachusetts, without a license, and is restrained of his liberty under those proceedings. The only question made upon the hearing is whether these statutes of the state are sufficiently constitutional and valid to support such proceedings. The constitution of the United States provides that "the congress shall have power" "to regulate commerce" "among the several states," and that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." Article 1, § 8; art. 4, § 2.

The natural state of mankind is that of freedom to trade with one another, whether in the same or different communities; and as congress, which alone, under the constitution, has the power to change this freedom of trade among the states, has not done so, the freedom still exists. *The Passenger Cases*, 7 How. 283; *Ward* v. *Maryland*, 12 Wall. 418. This would require that the commodities of one state should be sold in another as freely as the commodities of the other. *Welton* v. *Missouri*, 91 U. S. 275; *Webber* v. *Virginia*, 103 U. S. 344. These statutes discriminate against the sale of the manufactures of other states, except plated or gilded wares, jewelry, clocks, and watches, and as to the sale of such manufactures not excepted could not be upheld; but as to those which are excepted, the manufactures of other states are left upon the same footing as the manufactures of this. The relator is prosecuted for selling excepted articles only, and there is no discrimination against that. This part of the statutes might be separated from the part which does discriminate against the origin of goods, and be upheld, although the rest could not be, if there was no discrimination against the citizenship of the relator. But as to that, these statutes, if upheld, would effectually exclude him from that class of trade, which would come within the definition of peddling, as made by the statute, within this state. The residents of the state would have the privilege of peddling within the state by paying the required license fee. The relator, not being a resident, would be prohibited from obtaining a license, and from peddling anything but manufactures of the state other than plated or gilded wares, jewelry, clocks, and watches, without a license. He would be wholly cut off from selling the articles he was selling in this state. The citizens of the state have the privilege of peddling those articles by obtaining a license therefor. He could not have that privilege, and would be denied the privilege in this state of a citizen of this state, although he is a citizen of another state. This is a privilege within the meaning of this clause of the constitution. *Ward* v. *Maryland*, 12 Wall. 418.

The only material difference between this case and that of *Ward* v. *Maryland* is that there the discrimination consisted only in an increase of license fees for persons not residents of Maryland, and the prohibition of selling without a license extended only to the city of Baltimore; while here the prohibition is absolute to non-residents as to the whole state. In that case Mr. Justice CLIFFORD, in delivering the opinion of the court, said that, "inasmuch as the constitution provides that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states, it follows

that the defendant might lawfully sell, or offer or expose for sale, within the district described in the indictment, any goods which the permanent residents of the state might sell, or offer or expose for sale, in that district without being subjected to any higher tax or excise than that exacted by law of such permanent residents." According to these principles the relator is protected by this provision of the constitution of the United States from prosecution for exercising the privilege of peddling within the state, as the citizens of the state might exercise it.

The relator is not prosecuted for peddling within the state when not a resident, but for peddling within the state without a license; and as a resident of the state so peddling like wares would be liable to similar prosecution, it is argued that there is no discrimination against his citizenship by this prosecution, and that to the extent of upholding the prosecution the statute is constitutional and valid, although beyond that it may not be; that he could not be prosecuted for selling without a license if he had a license, and that to avoid such a prosecution he should pay for and obtain a license as a resident of the state would. This argument would be better founded if there was any mode provided by which he could obtain such a license. But not only is no such mode provided, but, further, his obtaining one is expressly prohibited. It is said that it is this prohibition which makes the discrimination, and that the prohibition only is not constitutional. The offense is peddling without a license. Without the provisions requiring a license there could be no wrongful lack of a license, and no offense resting in the want of one. These provisions exclude non-residents, and there can be no wrongful lack of a license as to them. These provisions all stand together to make up the offense, and the part discriminating against the relator cannot be taken away, and leave enough to make him guilty of the offense prosecuted for. The statute says to him that he shall not peddle without a license, and shall not have a license. This is equivalent to saying to him that he shall not peddle at all. It is not even claimed on behalf of the state that such a direct provision could be upheld.

In *Ward* v. *Maryland*, the respondent was prosecuted for selling without a license. The discrimination consisted in requiring a larger license fee of non-residents. If only that part of the statute requiring the larger license fee has been held unconstitutional, he would have been left to obtain a license on the same terms as residents, and

been guilty for selling without so obtaining one. Still, no attempt was made to so divide the statute and uphold a part of it. After taking out the void part there was not enough left to support the prosecution, and the conviction was held bad. There is no view of the case in which this prosecution, in view of the provisions of the constitution of the United States, can be upheld, consequently the relator is restrained of his liberty contrary to the constitution of the United States, and is entitled to be discharged by this court.

Relator discharged.

---

STATE POWER TO REGULATE TRADE. A state may regulate its own internal commerce,(a) and may regulate the person and thing within its own jurisdiction, notwithstanding the regulation may have a bearing on commerce.(b) The power to tax all the property, business, or persons within the state is an essential attribute of sovereignty,(c) and is not affected by the provisions of the federal constitution,(d) nor repugnant thereto.(e) When this power is exercised for revenue purposes it is a tax, but when for regulation purposes it is not a tax;(f) and the authority of the state to regulate business and privileges may be exercised under its police powers.(g) The constitution has not deprived the legislature of the power of dividing the objects of taxation into classes; it merely requires that the burden shall be equal upon all included in the same class.(h)

AUTHORITY OF MUNICIPAL CORPORATIONS. A municipal corporation has no inherent power to tax,(i) but the legislature may confer on municipal corporations the power to tax employments as well as property;(j) on persons carrying on a particular vocation or traffic;(k) or it may restrict its power of taxation.(l) This power may be extended over all persons plying the vocation within the corporate limits, whether they reside there or not.(m) A license tax imposed on a wagon of an outside resident coming into and going out of the city is void,(n) but it is subject to the limitations implied in the commer-

(a) Wilson v. Kansas C. & St. J. R. Co. 60 Mo. 184; Wheeling Bridge Case, 18 How. 432; The Daniel Ball, 10 Wall. 557; The Montello, 11 Wall. 411; Pelk v. Chicago, etc., Co. 94 U. S. 164; Pensacola T. Co. v. Western U. T. Co. 96 U. S. 1; New Bedford Bridge Case, 1 Wood. & M. 410; People v. Platt, 17 Johns. 195; Scott v. Willson. 3 N. H. 321; Canal Com'rs v. People, 5 Wend. 448; People v. Rensselaer & S. R. Co. 15 Wend. 113.

(b) Passenger Cases, 7 How. 548; Sherlock v. Alling, 93 U. S. 99: St. Louis v. McCoy, 18 Mo. 238; Lewis v. Boffinger, 19 Mo. 13; Wilson v. Kansas C., St. J. & C. B. R. R. 60 Mo. 198; Williams v. Bank of Michigan, 7 Wend. 539.

(c) Ex parte Robinson, 12 Nev. 26; Duer v. Small, 17 How. Pr. 201.

(d) Railroad Co. v. Peniston, 18 Wall. 27.

(e) Howe Mach. Co. v. Cage, 9 Baxt. 518.

(f) New York v. Second Avenue R. Co. 32 N.

Y. 261; Louisville City R. Co. v. Louisville, 4 Bush, 478.

(g) Ex parte Marshall, 64 Ala. 266.

(h) State v. Ogden, 10 La. Ann. 402; State v. Lathrop, Id.; New Orleans v. Kaufman, 29 La. Ann. 283.

(i) Vance v. Little Rock, 30 Ark. 435; Matt. of Second Avenue, etc., Church, 66 N. Y. 395.

(j) Fretwell v. Troy, 18 Kans. 271; Ex parte City Council of Montgomery, 64 Ala. 463; Gilman v. Sheboygan, 2 Black, 510; Lonte v. Allegheny Co. 10 Pittsb. L. J. 241.

(k) Durach's App. 62 Pa. St. 491. See Hodgson v. New Orleans, 21 La. Ann. 301.

(l) Goodale v. Fennell, 27 Ohio St. 426.

(m) Com'rs of Edenton v. Capehart, 71 N. C. 156.

(n) Charles v. Nolle, 51 Mo. 122.

cial clause of the federal constitution.(*o*) Giving a license by a municipal corporation for a fee is not a regulation of commerce.(*p*)

A municipal corporation can impose no tax on any occupation unless authorized so to do by its charter.(*q*) The limitation in a charter, to the power to tax real and personal property, does not affect the right to tax business and exact a fee for the privilege;(*r*) and clauses in a charter, requiring the rates of license to be proportionate to the business, only require that the sum exacted from each person shall be fixed by the amount of his business.(*s*) When the power to license occupations is given, it involves the determination of the extent or duration and the sum to be paid, and it must be exercised exclusively by the common council;(*t*) its power should be exercised only for public objects in which the people of the municipality have a general interest.(*u*) Courts will not review municipal discretion in imposing license fees where it has not been abused.(*v*) As a general rule, a municipal corporation cannot delegate its power to regulate any business or calling;(*w*) and, in the exercise of its power, it cannot unreasonably restrict trade.(*x*) An ordinance requiring a heavy license fee is a legitimate means of taxation, and is valid unless the fee charged is unreasonable.(*y*) The fee for a license regulating occupations or business should be limited to the necessary expense of the regulation.(*z*) A city may exact a fixed sum for the privilege of doing business, such license not being a tax on property.(*a*) Under the authority to require a license, a municipal corporation may tax the business of such as have already obtained a state license.(*b*) Auctioneers are commonly taxed a specific sum, or a sum measured by the amount of their sales;(*c*) and a general authority to levy taxes on taxable property supports a tax on the gross sales and commissions received;(*d*) and such tax is an occupation or privilege tax.(*e*) Such a tax is not unconstitutional unless expressly prohibited;(*f*) but a provision of a town charter authorizing a tax of 5 per cent. upon all sales made by auctioneers, except such as are made by citizens of the town or county who are *bona fide* owners of the property sold, discriminates against citizens of other states and is unconstitutional.(*g*) Where an incorporated town has power to regulate and license auction sales, etc., it may authorize the mayor to fix the amount of the license within a specified sum.(*h*) An auctioneer in a city is not an itinerant trader.(*i*) The sureties on an auctioneer's bond are

(*o*) Goodale v. Fennell, 27 Ohio St. 426.

(*p*) Chilvers v. People, 11 Mich. 43.

(*q*) Mayor of Plaquemine v. Roth, 29 La. Ann. 261.

(*r*) Johnston v. Macon, 62 Ga. 645.

(*s*) Ex parte Hurl, 49 Cal. 557.

(*t*) Darling v. St. Paul, 19 Minn. 359.

(*u*) Loan Ass'n v. Topeka, 20 Wall. 655.

(*v*) Van Baalen v. People, 40 Mich. 258.

(*w*) East St. Louis v. Wehring, 50 Ill. 28. See Kip v. Patterson, 26 N. J. Law, 298.

(*x*) Hayes v. Appleton, 24 Wis. 542.

(*y*) Kitson v. Ann Arbor, 26 Mich. 325.

(*z*) St. Louis v. Boatmen's Co. 47 Mo. 150.

(*a*) Home Ins. Co. v. Augusta, 50 Ga. 543; Walcot v. People, 17 Mich. 68; Kitson v. Mayor, 26 Mich. 325; Gilkerson v. Justices, 13 Grat. 577; Slaughter v. Com. 13 Grat. 767; Ould v. Rich-

mond, 26 Grat. 464; Carter v. Dow, 16 Wis. 298; Municipality v. Dubois, 10 La. 199; Bright v. McCullough. 27 Ind. 223.

(*b*) Wright v. Mayor of Atlanta, 54 Ga. 645.

(*c*) Moseley v. Tift, 4 Fla. 202; Padelford v. Savannah, 14 Ga. 438; State v. Lee, 38 Ala. 222.

(*d*) Pearce v. Augusta, 37 Ga. 597.

(*e*) De Witt v. Hays, 2 Cal. 468; Moseley v. Tift, 4 Fla. 202; State v. Stephens, 4 Tex. 137; State v. Bock, 9 Tex. 369; Nathan v. Louisiana, 8 How. 80.

(*f*) Washington v. State, 13 Ark. 752; Stran l v. Gordon, 27 Ark. 625; Mabry v. Tarver, 1 Humph. 94; Lewellen v. Lockhart, 21 Grat. 170.

(*g*) Joyce v. Woods, 78 Ky. 386.

(*h*) Decorah v. Dunstan, 38 Iowa, 96, distinguishing 6 N. Y. 92; 12 Wheat. 40; 50 Ill. 28.

(*i*) Gould v. Mayor of Atlanta, 55 Ga. 678.

liable for a failure of the principal to renew the license when it expires.*(j)*
The lessee of a stall in a market-house who furnishes meals to the public does
not keep an "eating-house" within the meaning of the revenue act.*(k)*   A
butcher is not a dealer, within the North Carolina law, providing for licensing
occupations.*(l)*   In Georgia a license tax may be exacted from vendors of
fresh meat in a market.*(m)*   In Tennessee butchers must take out a license
to sell meats by retail, but a failure to do so is not a misdemeanor.*(n)*   In
Virginia a city butcher who goes into the country and buys cattle, etc., butchers
them and sells the meat at his own stall, must take out a license.*(o)*   A char-
ter giving the right to license, tax, or regulate hackney coaches, carriages, etc.,
does not authorize or grant the exclusive right to one person.*(p)*   An ordi-
nance exacting a license from street-car owners is valid.*(q)*   A city ordinance
requiring measurement of coals to be made by an inspector is not in violation
of the constitution, although it allows a fee to be paid therefor.*(r)*   A party
who has a grant by city ordinance of the right to supply water to the city for
20 years cannot be required to pay for a license to carry on the business.*(s)*   A
city ordinance prohibiting negroes from keeping a cook shop is not in conflict
with the Virginia act of assembly providing that such shops should be licensed
and taxed.*(t)*

· EQUALITY AND UNIFORMITY.   The provisions of the constitution as to
equality and uniformity apply to property alone, and not to taxation on priv-
ileges or occupations.*(u)*   Where a license is required as a condition preced-
ent to the pursuit of an occupation, and not with reference to revenue, the
provisions of the constitution as to equality and uniformity in taxation do
not apply.*(v)*   The constitutional requirement that taxation shall be uniform
does not apply to license taxes;*(w)* and so especially when the license re-
quired is imposed with reference to the purposes of police.*(x)*   The provis-
ions of the state constitution as to equality and uniformity do not apply to
counties, cities, or villages.*(y)*   They do not prevent municipal corporations·
from imposing taxes on one class of business and not on another.*(z)*   Where
the state constitution authorized the legislature to tax specified business

*(j)* Com. v. Daly, 9 Phila. 67.
*(k)* State v. Hall, 73 N. C. 252.
*(l)* State v. Yearby, 82 N. C. 561.
*(m)* Davis v. City of Macon, 64 Ga. 128. See Ash v. People, 11 Mich. 347.
*(n)* State v. Manz, 6 Cold. 557
*(o)* Shedd v. Com. 19 Grat. 813.
*(p)* Logan v. Payne, 43 Iowa, 524.
*(q)* Allerton v. Chicago, 9 Biss. 552.
*(r)* City Council v. Rogers, 2 McCord, 495; State v. Stokes, 14 Wend. 87. See Collins v. Louisville, 2 B. Mon. 134.
*(s)* Stein v. Mayor of Mobile, 49 Ala. 362, fol-lowing 32 N. Y. 261. See, as to gas-light compa-nies, Cincinnati G. L. Co. v. State, 18 Ohio St. 243.
*(t)* Mayo v. Jones, 12 Grat. 17.
*(u)* People v. Coleman, 4 Cal. 46; Bohler v. Schneider, 42 Ga. 195; Home Ins. Co. v, Augusta, 50 Ga. 530; Slaughter's Case, 13 Grat. 767; Eyre v. Jacob, 14 Grat. 422; Adams v. Somerville, 2 Head, 363; Aulanier v. Governor, 1 Tex. 665;

Texas B. & I. Ins. Co. v. State, 42 Tex. 636; Wig-gins Ferry Co. v. East St. Louis, 102 Ill. 560; Walker v. Springfield, 94 Ill. 364; St. Louis v. Green, 7 Mo. App. 468; Ex parte Robinson, 12 Nev. 263; Gatlin v. Tarboro, 78 N. C. 119; Boyle v. Girardey, 28 La. Ann. 717; Walters v. Duke, 31 La. Ann. 668; Western U. T. Co. v. Mayer, 28 Ohio St. 537; Glascow v. Rouse, 42 Ohio St. 479. See Young v. Town of Henderson, 76 N. C. 420.
*(v)* Addison v. Saulnier, 19 Cal. 82; Thomas-son v. State, 15 Ind. 449; Id. 419; New Orleans v. Turpin, 13 La. Ann. 56; Baker v. Cincinnati, 11 Ohio St. 534.
*(w)* Ottawa Co. v. Nelson, 19 Kan. 234; and see Francis v. Atchison, etc., R. Co. 19 Kan. 303.
*(x)* Addison v. Saulnier, 19 Cal. 82; Thomasson v. State, 15 Ind. 449; New Orleans v. Turpin, 13 La. Ann. 56; Baker v. Cincinnati, 11 Ohio St 534.
*(y)* Douglass v. Town of Harrisville, 9 W. Va. 162.
*(z)* Cutliff v. Mayor of Albany, 60 Ga. 597.

classes, the power to tax was not limited to the classes named.(*a*)   A tax on business fixing different rates of taxation for different avocations is not in conflict with the constitution.(*b*)   To be uniform, taxation need not be universal.   Certain occupations may be taxed, and others be exempted, but as between the subjects of the same class there must be equality.(*c*)   When imposed on business or occupation, it must be uniform on all business of that kind.(*d*)   So the duty imposed by statute on goods sold at public outcry by licensed auctioneers is not in violation of the uniformity clause of the constitution.(*e*)   A tax upon every keeper of a warehouse is valid, being on all of a class;(*f*) and on every keeper of a billiard table;(*g*) so of a tax on wholesale dealers in liquor.(*h*)   A tax imposed on a keeper of gunpowder who keeps more than 50 pounds on hand is illegal for want of uniformity, as others in the same calling were exempt.(*i*)

STATE AUTHORITY OVER CORPORATIONS.   The legislature has the same right of control over corporations that it has over natural persons.(*k*)   Corporations of other states are not citizens, "entitled to all the privileges and immunities of citizens in the several states," within the meaning of the constitution.   They can exercise none of their powers or franchises within the state except by comity, or under legislative consent.(*l*)   A state has power to impose on foreign corporations terms and conditions on which they may transact business,(*m*) and it is not prohibited from taxing the franchise and business of a corporation;(*n*) and a grant to a foreign corporation to exercise part of its franchise within the state, and laying a tax on it at the time of the grant, does not preclude the right of further taxation.(*o*)   A state statute to regulate and tax foreign insurance companies, banking, express, and exchange corporations, cannot, under the provisions of the state constitution, be construed as a provision in relation to any foreign corporations other than those expressed in its title.(*p*)   An occupation tax imposed on a telegraph company, which is graduated according to the business done wholly within the state and in part within the state, is free from the objection that it regulates interstate commerce.(*q*)   Under a state statute which imposes on a resident merchant a county tax, the agent of a foreign sewing-machine corporation is liable for a county as well as a state tax.(*r*)   A license fee may be

(*a*) State v. County Com'rs, 4 Nev. 537 ; S. C. 19 Amer. Rep. 641.

(*b*) State v. Columbia, 6 Rich. 1.

(*c*) State v. Poydras, 9 La. Ann. 165; New Orleans v. Fourchy, 30 La. Ann. 910.

(*d*) Sacramento v. Crocker, 16 Cal. 119.

(*e*) Wintz v. Gerardy, 31 La. Ann. 381.

(*f*) Hodgson v. New Orleans, 21 La. Ann. 201.

(*g*) Merriam v. New Orleans, 11 La. Ann. 740.

(*h*) Straub v. Gordon, 27 Ark. 625.

(*i*) Parish v. Cochran, 20 La. Ann. 373.

(*k*) Benson v. New York, 10 Barb. 223; Galena, etc., R. Co. v. Loomis, 13 Ill. 548; Ohio, etc., R. Co. v. McClelland, 25 Ill. 140; N. W. Fert. Co. v. Hyde Park, 70 Ill. 634; New Albany, etc., R. Co. v. Tilton, 12 Ind. 3; Gorman v. Pac. R. Co. 26 Mo. 441; Burlington, etc., R. Co. v. State, 32 N H. 215; Nelson v. Vermont, etc , R. Co. 26 Vt. 717; Thorpe v. Burlington, etc., R. Co. 27 Vt. 140.

(*l*) West. U. Tel. Co. v. Mayer, 28 Ohio St. 539; Bank of Augusta v. Earle, 13 Pet. 519; Lafayette Ins. Co. v. French, 18 How. 404; Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 Wall. 410; Liverpool Ins. Co v. Massachusetts, Id. 567; Fire Dept. v. Noble, 3 E. D. Smith, 440; De Groot v. Van Duzen, 20 Wend. 390; Com. v. Milton, 12 B. Mon. 212; Fire Dept. v. Helfenstein, 16 Wis. 136.

(*m*) West. U. Tel. Co. v. Mayer, 28 Ohio St. 533.

(*n*) Society for Sav. v. Coite, 6 Wall. 594; Provident Inst. v. Massachusetts, Id. 611; Hamilton Co. v. Massachusetts, Id. 632.

(*o*) Erie R. Co. v. Pennsylvania, 21 Wall. 492. See Walker v. Springfield, 94 Ill. 364; People v. Naglee, 1 Cal. 232; Home Ins. Co. v. Augusta, 93 U. S. 116.

(*p*) Singer Manuf'g Co v. Graham, 8 Or. 17.

(*q*) West. U. Tel. Co. v. State, 55 Tex. 314.

(*r*) Webber v. Com. 33 Grat. 898.

imposed on an English joint-stock association doing business in the state, although not a technical corporation by the English law.(s)

FOREIGN INSURANCE COMPANIES. A tax on premiums of a foreign corporation is not unconstitutional.(t) So an act taxing the entire amount of premiums received by an insurance company, whether within or without the state, is not repugnant to the commercial clause of the federal constitution.(u) In classifying the subjects of taxation, the legislature may place foreign insurance companies in a class by themselves, as distinct from domestic insurance companies, and the former may be taxed differently from the latter.(v) The Pennsylvania act imposing a tax of 3 per cent. on foreign insurance companies is constitutional, although discriminating between foreign and home companies.(w) A tax on gross premiums of insurance is a tax upon the receipts of money or its representative in notes and bills, and not on property or any article of commerce; it touches only a fund in the treasury of the company.(x) An act taxing every insurance company and every agent of a foreign company, doing business in a particular city, was held void where it did not include all in the state of the same class.(y) The discretion of city authorities in granting or refusing to license insurance companies will not be interfered with;(z) but their authority to license and tax such companies for a specific purpose does not justify taxation for a general purpose.(a) A license tax imposed on a foreign insurance company, for the privilege of doing business within the state, is not a regulation of commerce.(b) A domestic mutual fire insurance company is bound, like any other company, to pay a license for doing business;(c) but the statute may make the license different between a fire and life assurance company;(d) and may discriminate as to foreign companies.(e) A territorial act requiring an annual license tax for each and every insurance company, agent, or agency transacting business in the territory makes the agent, and not the company, liable therefor.(f)

RAILROAD COMPANIES. The ordinance of Mobile, providing that every express or railroad company doing business within the city, and whose business extends beyond the state, must pay a license fee under a penalty, does not conflict with the constitution of the United States.(g) A railroad is doing business in the state in which a portion of its road is located.(h) A tax imposed on the gross receipts of an express company is properly collected from the gross earnings, without deduction for expenses incurred in conduct-

(s) Liverpool Ins. Co. v. Massachusetts, 10 Wall. 566.

(t) Ex parte Cohn, 13 Nev. 424; Ins. Co. v. Com. 85 Pa. St. 513.

(u) Ex parte Cohn, 13 Nev. 424; Ins. Co. v. Com. 85 Pa. St. 513; Ins. Co. of North America v. Com. 87 Pa. St. 173.

(v) Germania L. Ins. Co. v. Com. 85 Pa. St. 513; State v. Fosdick, 21 La. Ann. 434.

(w) Com. v. Germania L. Ins. Co. 11 Phila. 553.

(x) Ins. Co. of N. A. v. Com. 87 Pa. St. 173; Com. v. Standard Oil Co. Pa. St. 1882, not reported; St. Tax on Gross Receipts, 15 Wall. 294; Erie R. Co. v. Pennsylvania, 21 Wall. 497.

(y) State v. Merchants' Ins. Co 12 La. Ann. 802; New Orleans v. Home Ins. Co. 23 La. Ann. 449.

(z) Burlington v. Putnam Ins. Co. 31 Iowa, 102; Fire Department v. Helfenstein, 16 Wis. 136.

(a) Alton v. Ætna Ins. Co. 82 Ill. 45.

(b) Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 Wall. 410; Liverpool Ins. Co. v. Massachusetts, Id. 566; Louisiana v. Lathrop, 10 La. Ann. 398; Louisiana v. Ogden, Id. 402; Louisiana v. Fosdick, 21 La. Ann. 434. See Nathan v. Louisiana, 8 How. 73.

(c) Illinois, etc., Ins. Co. v. Peoria, 29 Ill. 180.

(d) Leavenworth v. Booth, 15 Kan. 627.

(e) Leavenworth v. Booth, 15 Kan. 627.

(f) Taylor v. Ashby, 3 Mont. 248.

(g) Osborne v. Mobile, 44 Ala. 493.

(h) Erie R. Co. v. Pennsylvania, 21 Wall. 492.

ing the business.(*i*)  It may be taxed even though it is owned by a private corporation.(*j*)  Corporations chartered by the United States are not taxable as foreign.(*k*)

LICENSES IN GENERAL.  A license is a contract, but revocable at the will of the licensor, unless otherwise provided in the state constitution.(*l*)  If no bonus is given for the right, a subsequent levy of a tax is valid.(*m*)  So a license to sell liquor is issued as a part of the police system of the state, and is subject to modification or revocation.(*n*)  The license to practice law or medicine may be modified in any· manner which the public welfare may demand, and a tax on the license is not unconstitutional.(*o*)  If the license to erect a dam in a navigable river is defeasible by the terms thereof, it may be modified or revoked.(*p*)  License fees imposed for revenue are taxes, and should not be so heavy as to be prohibitory.(*q*)  A license is a privilege granted by statute, usually on payment of a valuable consideration,(*r*) the object being to confer a right that does not exist without it;(*s*) and it cannot be revoked except on a return of the fee;(*t*) but they are subject to termination by a law prohibiting sales of the article.(*u*)  So a city, in the exercise of its police powers, may provide for the revocation of a license;(*v*) but the repeal of an act under which a license was granted cannot take away the privilege till the license expires.(*w*)  A license does not protect the holder from reasonable police regulations affecting the trade—as a town ordinance requiring dealers to close at dark;(*x*) and one holding a license receives it subject to the right of eminent domain.(*y*)  A person accepting a license thereby assents to the terms imposed, both in the license and the ordinance under which it is issued.(*z*)  A license may be authorized and yet not be taken out.(*a*)  A license issued to a person is not equivalent to proof that he was licensed.(*b*)  Payment of a license tax and a receipt therefor amount, in substance, to a license from the

(*i*) Amer. Union Express Co. v. St. Joseph, 66 Mo. 675.

(*j*) Olcott v. Supervisors, 16 Wall. 678.

(*k*) Com. v. Texas & Pac. R. R. 25 Alb. Law J. 18.

(*l*) Phalen v. Virginia, 8 How. 163; 3 Harring. 441; Calder v. Kirby, 5 Gray, 597; Adams v. Hackett, 27 N. H. 289; Hirn v. Ohio, 1 Ohio St. 21; Metrop. Bd. of Excise v. Barrie, 34 N.Y. 667; Bass v. Mavor, Meigs, 421; Gregory v. Shelby, 2 Metc. (Ky.) 589; Freligh v. State, 8 Mo. 606; State v. Sterling, Id. 697; State v. Hawthorn, 9 Mo. 389.

(*m*) Wendover v. Lexington, 15 B. Mon. 258.

(*n*) Fell v. State, 42 Md. 71; Calder v. Kirby, 71 Mass. 597; State v. Holmes, 38 N. H. 225; Metrop. Bd. of Excise v. Barrie, 34 N. Y. 657; Com. v. Intox. Liquors, 115 Mass. 153.

(*o*) State v. Fellowes, 12 La. Ann. 344; State v. Waples, Id. 343; New Orleans v. Turpen, 13 La. Ann. 56; Simmons v. State, 12 Mo. 268; State v. Gazlay, 5 Ohio, 14.

(*p*) Rundle v. Del., etc., Can. Co. 14 How. 80; 1 Wall. Jr. 275; Pratt v. Brown, 3 Wis. 603; Monongahela Nav. Co. v. Coons, 6 Watts & S. 101; Susquehanna Can. Co. v. Wright, 9 Watts & S. 9. And see Glover v. Powell, 10 N. J. Eq. 211; Cranshaw v. State R. Co. 6 Rand. 245.

(*q*) Ex parte Burnett, 30 Ala. 432; Craig v. Bur-

nett, 32 Ala. 728; Burlington v. Ins. Co. 31 Iowa, 102; Kitson v. Ann Arbor, 26 Mich. 325; Mason v. Lancaster, 4 Bush, 406; Kuiper v. Louisville, 7 Bush, 601.  When imposed for revenue they are, in effect, taxes, People v. Martin, 9 Pac. C. Law J. 96.

(*r*) Heise v. Columbia, 6 Rich. 404.

(*s*) Chilvers v. People, 11 Mich. 43.

(*t*) See Adams v. Hackett, 7 Fost. 289; State v. Phalen, 3 Harr. 441; Boyd v. State, 46 Ala. 329.

(*u*) Calder v. Kirby, 5 Gray, 507; Brummer v. Boston, 102 Mass. 19; Com. v. Brennan, 103 Mass. 70; Baker v. Boston, 12 Pick. 183; Brick Presb. Church v. New York, 5 Cow. 538; Vanderbilt v. Adams, 7 Cow. 585; People v. Morris, 13 Wend. 325; Board of Excise v. Barrie, 34 N. Y. 657; State v. Holmes, 38 N. H. 225; Hirn v. State, 1 Ohio St. 15; Freleigh v. State, 8 Mo. 606; State v. Sterling, Id. 697; Gatzweller v. People, 14 Ill. 142; Phalen v. Virginia, 8 How. 163; Baxter v. Pennsylvania, 10 How. 416.

(*v*) Schwuchow v. Chicago, 68 Ill. 444.

(*w*) Boyd v. State, 46 Ala. 329.

(*x*) Maxwell v. Jonesboro, 11 Heisk, 257.

(*y*) Branson v. Philadelphia, 47 Pa. St. 329.

(*z*) Schwuchow v. Chicago, 68 Ill. 444.

(*a*) Schlict v. State, 31 Ind. 246.

(*b*) Schlict v. State, 31 Ind. 246.

time of payment.(c) A license to a partner individually confers no authority on his partner over the firm.(d) One taking a license towards the end of the year must pay the full fee for the whole year, where the state provides that a certain sum per annum shall be paid, whether he loses or gains in his business.(e) A license taken out and paid for after the first of the year is no protection against an indictment afterwards found for acts done prior to its issue.(f) Where the state provides for different sorts of licenses to be taken out, a person cannot sell an article not included in the terms of his license.(g) Where the town clerk had authority to issue blank licenses, he has no power to grant a license to any one until directed by the town council.(h) A license tax is, in effect, a tax on the goods themselves;(i) but licenses are not, therefore, taxes.(j) A license to keep a grocery is not assignable.(k)

PRIVILEGE TAX—OCCUPATIONS. The grant of a privilege must confer authority to do that which, without the grant, would be unlawful.(l) Where an act confers a privilege merely it may be repealed.(m) The privilege tax on occupations, measured by the extent of the business, is not a tax on the capital invested and it does not exempt purchases made from those having already paid taxes, from the necessity to obtain a license;(n) or by the amount of business done, whether within or without the state.(o) The tax on a privilege will commonly take the form of a license,(p) and may be graduated by the supposed value of the privilege.(q) There is no restriction on the power of the government to tax occupations unless expressly imposed by the constitution;(r) but the following of an ordinary employment is not to be regarded as a privilege unless made so by statute.(s) Any occupation which is not open to all, but can only be exercised under license from some constituted authority, is regarded as a privilege.(t) Where a municipal corporation is empowered to tax a particular occupation, it cannot by definition bring persons within the power who do not in fact follow such occupation.(u)

PRIVILEGE TAXES—PRACTICE OF PROFESSIONS. A tax on the privilege of practicing a profession is not a poll tax, and it may be levied even when poll taxes are forbidden.(v) States may regulate the practice of a profession, as the law,(w) and may impose a penalty for not taking out a license imposed, to be recovered by indictment as for a misdemeanor;(x) or the practice of medicine.(y) A license of a court to practice law vests no right beyond legislative control, nor does it confer any immunity from the occupation tax.(z)

(c) Galloway v. Stewart, 49 Ind. 156.

(d) Long v. State, 27 Ala. 32.

(e) Hart v. Beauregard, 22 La. Ann. 238.

(f) Elsberry v. State, 52 Ala. 8.

(g) State v. Holmes, 28 La. Ann. 765.

(h) State v. Bezoni, 51 Mo. 254.

(i) Welton v. State, 91 U. S. 275.

(j) East St. Louis v. Wilder, 46 Ill. 351.

(k) Lewis v. U. S. 1 Morr. (Iowa,) 190.

(l) Chilvers v. People, 11 Mich. 43; Home Ins. Co. v. Augusta, 50 Ga. 530.

(m) Thomas v. Farm. Bank of Maryland, 46 Md. 43.

(n) Albertson v. Wallace, 81 N. C. 479.

(o) West. U. Tel. Co. v. State, 55 Tex. 314.

(p) License Tax Cases, 5 Wall. 472.

(q) Simmons v. State, 12 Mo. 268; Ould v. Richmond, 23 Grat. 464.

(r) Butler's Appeal, 73 Pa. St. 448; Durach's Appeal, 62 Pa. St. 491. See Loughborough v. Blake, 5 Wheat. 317.

(s) Columbia v. Guest, 3 Head, 413.

(t) French v. Baker, 4 Sneed, 193.

(u) Mays v. Cincinnati, 1 Ohio St. 268.

(v) Egan v. County Court, 3 H. & McH. 169.

(w) Bradwell v. State, 16 Wall. 130; U. S. v. Anthony, 11 Blatchf. 201; Munn v. Illinois, 94 U. S. 113; Young v. Thomas, 17 Fla. 167; Stewart v. Potts, 49 Miss. 749; Jones v. Page, 44 Ala. 657.

(x) State v. Hayne, 4 S. C. 403.

(y) Ex parte Spinney, 10 Nev. 323.

(z) Languille v. State, 4 Tex. Ct. App. 312.

A statute which imposes a license tax on trades, occupations, and professions, does not authorize the imposition of a tax on notaries public.(a) Clergymen are sometimes subjected to an occupation tax.(b) So of college professors.(c) The authority to tax trades, occupations, and professions does not authorize a tax for notaries public.(d)

BUSINESS LICENSES. The distinction between a tax on property and a tax on business which may employ part of that property in its industry is well defined.(e) A business is not necessarily licensed or protected because of its being taxed, nor does taxing imply an approval of it.(f) It is no objection to a tax on the business that it operates indirectly as a tax on the consumer.(g) A tax on business should be levied where the business is carried on, irrespective of residence of the dealer.(h) Residents are not subject to taxation in respect to business or interests beyond the territory and jurisdiction of the state,(i) and business carried on without the license will be illegal, and contracts made in the course of the business cannot be enforced.(j) An ordinance which has the effect of permitting some persons to engage in a particular business while it excludes others is void.(k) So a city ordinance which discriminates against a class or race of people is invalid.(l) A party must pay in proportion to the whole stock of goods he has for sale, notwithstanding he purchased a part of them from a firm in which he was a partner, and a tax had been already paid on them by the firm.(m) That property used in business is taxed, does not interfere with the right to impose a license tax;(n) and a party may be required to take out a license tax whether he derives a profit from his business or not.(o)

A statute imposing on a resident merchant a state tax for the privilege of conducting his business, a county tax also for taking his goods to another county and selling them there, does not contravene the United States constitution.(p) Merchants may be subjected to privilege taxes, notwithstanding they also pay taxes on their stock in trade;(q) and, in the absence of any exemption act, a retail merchant may be compelled to pay three licenses, namely: state, parish, and corporation.(r) One who takes out a license as storager and also as tobacco auctioneer, must, in addition, take out a license as commission merchant where he receives tobacco for sale.(s) A party dealing in the selling of goods at a store is a merchant, and must procure a license;(t) but a trustee

(a) New Orleans v. Brennan, 23 La. Ann. 710.

(b) Miller v. Kirkpatrick, 29 Pa. St. 226.

(c) Union Co. v. James, 21 Pa. St. 525; Walters v. Duke, 31 La. Ann. 668.

(d) New Orleans v. Brennan, 23 La. Ann. 710.

(e) Johnston v. Mayor of Macon, 62 Ga. 645.

(f) Youngblood v. Sexton, 32 Mich 406.

(g) Wiley v. Owens, 39 Ind. 429.

(h) Bates v. Mobile, 46 Ala. 153; Miner v. Fredonia, 27 N Y. 155; Gardner Co. v. Gardner, 5 Me. 133; Simmons v. State, 12 Mo. 268; St. Louis v. Laughlin, 49 Mo. 456.

(i) Fisher v. Rush Co. 19 Kan. 414.

(j) Koff v. Dumas, 2 Vt. 456; Alexander v. O'Donnell, 12 Kan. 608.

(k) Tugman v. Chicago, 78 Ill. 405.

(l) In re Quong Woo, 13 Fed. Rep. 229.

(m) Mayers v. Irwin, 8 Humph. 290.

(n) St. Louis v. Green, 6 Mo. App. 590; Davis v. City of Macon, 64 Ga. 128.

(o) Weil v. State, 52 Ala 19.

(p) Webber v. Com. 33 Grat. 898. See Ex parte Thornton, 12 Fed. Rep. 538, and note, 551.

(q) Woolman v. State, 2 Swan, 353; State v. Stephens, 4 Tex. 137; State v. Bock, 9 Tex. 369; State v. Whittaker, 33 Mo. 457; State v. West, 34 Mo. 424; Wilmington v. Roby, 8 Ired. 250; Commissioners v. Patterson, 8 Jones, L. 182; Cousins v. Com. 19 Grat. 807; French v. Barber, 4 Sneed, 193.

(r) Iberia Parish v. Chiapella, 30 La Ann. pt. 2, 143.

(s) Neal v. State, 21 Grat. 511.

(t) State v. Whittaker, 33 Mo. 457.

to whom goods are assigned, and who sells without replenishing the stock, is not a merchant so as to require a license.(u)　Permanent merchants in Mississippi are not subject to the same taxes as transient traders.(v)　A farmer is not a dealer within the merchant tax law.(w)　The merchants' tax, or privilege tax on merchants, is a burden on that part of their capital used in buying goods to be sold to non-residents.(x)

MANUFACTURERS.　A business tax may be imposed on manufacturers.(y) Upon grounds of public policy manufacturers of beer may be required to take out a license.(z)　A manufacturer or mechanic is not required to take out a license under Pennsylvania act, unless he keeps a store.(a)　A state statute forbidding cities to tax sales of certain manufactures within the state sustained.(b) Manufacturers and dealers in liquors may be subjected to occupation taxes for federal, state, and municipal purposes;(c) and such taxes may discriminate as between different localities.(d)　A gas company is a manufacturing company.(e)　An aqueduct company is not.(f)　One who carries on the business of buying timber and converting it into lumber is a manufacturer and not a trader.(g)　An ice-cream confectioner is not a manufacturer.(h)　, Where the federal constitution and statutes give a patentee an exclusive right to sell and manufacture his patented articles, the state has no right to impose a license or privilege tax thereon.(i)　One who manufactures and supplies goods alone to previous orders of customers, although he keeps on hand the material from which they are produced, is not a merchant.(j)　A person engaged in selling goods of his own manufacture, and also articles of domestic manufacture of others is liable to a duty.(k)

DEALERS AND TRADERS.　A law imposing a license tax on transient persons doing business within the state, does not violate the provisions of the federal constitution,(l) and imposing a fine for not obtaining a license is not in violation thereof.(m)　To authorize a person to sell foreign merchandise without a license, he must have received it in exchange for articles of his own manufacture, or for productions of his own agriculture.(n)

A state law imposing a license fee upon merchants who go from place to place soliciting orders is not unconstitutional, as involving a duty or impost on imports, or a regulation of commerce, or unequal taxation.　It is a legit-

(u) Ayrnett v. Edmundson, 9 Baxt. 610.

(v) Bangle v. Holden, 52 Miss. 804.

(w) Barton v. Morris, 10 Phila. 360.

(x) Merchants of Memphis v. Memphis, 9 Baxt. 76.

(y) Sebastian v. Ohio Candle Co. 27 Ohio St. 459.

(z) Keller v. State, 11 Md. 525.　See Perdue v. Ellis, 18 Ga. 586; Thomasson v. State, 15 Ind. 449; Aulanier v. Governor, 1 Tex. 653; Smith v. Adrian, 1 Mich. 495; Gardner v. People, 20 Ill. 43; License Cases, 5 How. 504; License Tax Cases, 5 Wall. 472.

(a) Com. v. Camp, 33 Pa. St. 380.

(b) N. O. v. Lusse, 21 La. Ann. 1.

(c) Durach's App. 62 Pa. St. 491; Aulanier v. The Governor, 1 Tex. 653; Baker v. Panola Co. 30 Tex. 86; Kitson v. Ann Arbor, 26 Mich. 325; Black

v. Jacksonville, 36 Ill. 201; Com. v. Byrne, 20 Ga. 165.

(d) East St. Louis v. Wehrung, 46 Ill. 392.

(e) Com. v. Lowell Gas-light Co. 12 Allen, 75.

(f) Dudley v. Jamaica Pond Aq. Co. 100 Mass. 183.

(g) State v. Chadbourn, 80 N. C. 479.

(h) New Orleans v. Mannessier, 32 La. Ann. 1075.

(i) State v. Butler, 3 Lea, 222; People v. Russell, 14 N. W. Rep. 568.

(j) State v. West, 34 Mo. 424.

(k) Osborne v. Holmes, 9 Pa. St. 333.

(l) Cole v. Randolph, 31 La. Ann. 535; State v. Smith, 27 Mo. 464; State v. Shossleigh, 27 Mo. 344; Biddle v. Com. 13 Serg. & R. 405.

(m) Beall v. State, 4 Blackf. 107.

(n) Colson v. State, 7 Blackf. 590.

imate tax upon a business.(o)  Cutting wood in one state, selling it in another, and there purchasing products of that state and bringing them back to the state of one's domicile, is within the prohibition of selling foreign goods without a license.(p)  Dealers in pistols, bowie-knives, and dirk-knives, include a dealer in either.(q)  Booksellers who deal in second-hand books only incidentally to their business, are not dealers in second-hand books.(r)  The North Carolina statutes require tradesmen to take out licenses.(s)

KINDS OF BUSINESS TAXED.  The constitution does not prohibit the state legislature to tax occupations, nor to authorize municipal corporations to tax them for revenue;(t) brokers and bankers;(u) cattle-brokers;(v) or other brokers.(w)

Municipal corporations, if authorized, may tax banks;(x) and the fact that a bank has paid a state license fee does not exempt it from liability for municipal taxes.(y)  In Louisiana a savings institution is a bank of deposit, and liable to the payment of the annual license tax imposed by the city of New Orleans.(z)  A license for banking does not authorize broking.(a)

The provisions of a statute concerning money-brokers and exchange dealers apply only to moral agents, capable of taking an oath and suffering the penalties imposed;(b) and a tax imposed on money of exchange brokers is not void for repugnance to the constitutional power of congress.(c)

A dealer in real estate is a broker, and may be required to take out a license;(d) and one who has not procured a license cannot recover his commissions(e) on sale of arms.(f)  One may recover for procuring a sale of real estate under a special contract without showing that he had a broker's license.(g)  Acting in a single transaction does not constitute one a ship-broker.(h)

A license to keep a livery stable authorizes sending out a two-horse wagon to haul in lumber without a license to own a dray.(i)  So one who has paid a state license as livery-stable keeper need not pay an additional license on his hacks and buggies;(j) and livery-stable keepers who have a license are not liable to double taxation for hiring out buggies.(k)  The business carried on by omnibuses and stage-coaches may be subject to a license tax.(l)  A regulation of bakers regulating the weight and price of bread, is unconstitutional.(m)  The vocation of booking emigrants may be licensed.(n)

The state legislature may require a license to be obtained by persons en-

---

(o) Ex parte Robinson, 12 Nev. 263; Sledd v. Com. 19 Grat. 813.

(p) Fugate's Case, 6 Grat. 693.

(q) Porter v. State, 53 Ala. 66.

(r) Eastman v. Chicago, 79 Ill. 178.

(s) State v. Cohen, 84 N. C. 771.

(t) San Jose v. S. J. & S. C. R. Co. 53 Cal. 476.

(u) Northrup v. Shook, 10 Blatchf. 243; U. S. v. Cutting, 3 Wall. 441; U. S. v. Fisk, 3 Wall. 445.

(v) U. S. v. Kenton, 2 Bond, 97.

(w) Young v. The Governor, 11 Humph. 147; Chicago v. Lunt, 52 Ill. 414.

(x) Farmers' Bank v. Fox, 4 Cranch, C. C. 330.

(y) State v. Columbia, 6 Rich. 1.

(z) New Orleans v. N. O. Sav. Inst. 32 La. Ann 527.

(a) New Orleans v. Metr. Loan Ass'n, 31 La. Ann. 10.

(b) State v. Field, 49 Mo. 270.

(c) Nathan v. State, 8 How. 93.

(d) City of Little Rock v. Barton, 33 Ark. 436.

(e) Costello v. Goldbeck, 9 Phila. 153, contra.

(f) Justice v. Rowand, 10 Phila. 623.

(g) Shepler v. Scott, 85 Pa. St 329.

(h) Woody v. Com. 29 Grat. 837.

(i) Mayor of Griffin v. Powell, 64 Ga. 625.

(j) Williams v. Garrigues, 30 La. Ann. pt. 2, 1094.

(k) Bell v. Watson, 3 Lea, 328.

(l) Com. v. Stodder, 2 Cush 562.

(m) Mobile v. Miller, 3 Ala. 137.

(n) People v. Perry, 13 Barb. 206.

gaged in hiring laborers for employment outside the state.(o)   Inspectors of bark, whether appointed by the governor or not, must procure a license.(p) A license to keep a cotton-press applies equally where the owner of the pickery uses it for cotton purchased by him or the cotton of others for which he charges a commission.(q)   A license fee may be imposed on hackmen, draymen, etc.(r)   A tax on the business of drayage, scaled according to the number of drays employed and the capacity of the drays, is uniform.(s)   An ordinance of a city imposing license fees on vehicles in proportion to the number of vehicles permitted, and number of horses required to draw them, is unconstitutional.(t)   The authority of a city to license carriages may be limited to those of common carriers.(u)   The purpose and object of licensing hackmen and others is to impose a tax upon a business, calling, or occupation, and not on one who occasionally hauls a load.(v.)

POLICE POWERS OF STATE.   Occupations requiring special regulations are subject to the police power of the state.(w)   The thing to be done need not necessarily be in itself unlawful: it is sufficient if for the good order of the municipality the regulation of a particular branch of business is required.(x)   A license may be imposed on all transient persons keeping "stores" in the town imposing it as a police regulation, though called a tax in the statute.(y)   So a license may be imposed on street railways,(z) or on ferry-keepers.(a)   So, under the general police powers, the keepers of a junk-shop, as buyers and shippers of old metals, old ropes, and other odds and ends, may require a license.(b)

The authority to regulate by requiring a license, does not authorize a special tax or impost under the name of a license, the same not appearing to be designed to meet the expenses of adjusting the regulating law.(c)   The police powers include all those general laws of internal regulation necessary to secure peace, good order, health, and comfort to society.(d)   So state laws may impose reasonable police regulations for the protection of markets against the sale of commodities unfit for commerce,(e) but such regulations must not be unreasonable, oppressive, or against public policy.(f)   So it may regulate the sale of any commodity, the use of which would be detrimental to the morals of the people.(g)

A municipal corporation may require liquor sellers to close at a prescribed

---

(o) Shepperd v. Sumter Co. 59 Ga. 535.

(p) Davis v. State, 7 Md. 151.

(q) State v. Hemard, 23 La. Ann. 263.

(r) Bennett v. Birmingham, 31 Pa. St. 15; Com. v. Stodder, 2 Cush. 562; St. Charles v. Nolle, 51 Mo. 122; Gartside v. East St. Louis, 43 Ill. 47; Snyder v. North Lawrence, 8 Kans. 82; Cincinnati v. Bryson, 15 Ohio, 625.

(s) Johnston v. Macon, 62 Ga. 645.

(t) Cullinan v. New Orleans, 38 La. Ann. 102.

(u) Joyce v. East St. Louis, 77 Ill. 156.

(v) Collinsville v. Cole, 75 Ill. 114.

(w) Cincinnati v. Bryson, 15 Ohio, 625; Nightingale's Case, 11 Pick. 168; White v. Kent, 11 Ohio St. 550; Adams v. Somerville, 2 Head, 363; State v. Crawford, Id. 460; Buffalo v. Webster, 10 Wend. 99; Brooklyn v. Breslin, 57 N. Y. 591.

(x) Brooklyn v. Breslin, 57 N. Y. 591.

(y) Wilmington v. Roby, 8 Ired. 250.

(z) Frankford, etc., R. Co. v. Philadelphia, 58 Pa. St. 119; Johnson v. Philadelphia, 60 Pa. St. 445; State v. Herod, 29 Iowa, 123.

(a) Chilvers v. People, 11 Mich. 113.

(b) Hirsh v. State, 21 Grat. 785; State v. Hemard, 23 La. Ann. 263; City Council v. Goldsmith, 12 Rich. 470.

(c) New York v. Second Av. R. Co. 34 Barb. 41.

(d) Ex parte Shrader, 33 Cal. 279; Phila., etc., R. Co. v. Bowers, 4 Houst. 506; Beer Co. v. Massachusetts, 97 U. S. 25.

(e) State v. Fosdick, 21 La. Ann. 256; N. H., etc., T. B. Co. v. Bunnell, 4 Conn. 59; Fertilizing Co. v. Hyde Park, 97 U. S. 669.

(f) Bowling Green v. Carson, 10 Bush, 64.

(g) State v. Gurney, 37 Me. 156.

hour.(*h*) An ordinance cannot provide that retailers close while a particular class of worshipers are holding divine service, being silent as to all other worshipers.(*i*)

The police powers of a state cannot obstruct interstate commerce.(*j*) So an act of the legislature of a state imposing a license fee on all traveling agents from other states, offering merchandise for sale and selling the same, violates the clause of the constitution guarantying to the citizens of each state equal privileges and immunities.(*k*)

The state has a right to adopt a general regulation in reference to its affairs which shall include imported goods equal with those of domestic origin.(*l*) Corporations created without the state are amenable to the police power of the state to the same extent as natural persons.(*m*) The legislature may forbid an individual from undertaking a dangerous employment except at his own risk, or it may prohibit a hazardous or pernicious business, although it affects prior contracts. So it may regulate the sale of naphtha or inflammable oils.(*n*) It may establish reasonable regulations for the operation of mines,(*o*) and under the police power may require qualifications for professional graduates.(*p*)

PEDDLERS. Carrying goods about and offering them for sale is trading, dealing, and trafficking.(*q*) Peddling is the selling from place to place,(*r*) even though it be within the same town,(*s*) and a city ordinance may restrain peddling within the city limits, and punish for its violation, if duly authorized.(*t*)

Selling goods from a canal-boat is within the statute punishing for hawking and peddling.(*u*) Hawkers and peddlers are itinerant or traveling traders who carry goods about to sell.(*v*) The term embraces one who is a foot trader, or who travels from place to place and carries about with him, on his back or on horseback or in a vehicle, articles or merchandise for sale.(*w*) A peddler is one who supplies the same customers regularly and continuously in a city.(*x*) He is one who deals in small or petty things, and the term embraces a person engaged in going through the city from house to house and selling milk in small quantities to different persons,(*y*) or meat cut up and

---

(*h*) Platteville v. Bell, 43 Wis. 488.

(*i*) Gilman v. Mills, 64 Ga. 192.

(*j*) Railroad Co. v. Huzen, 95 U. S. 473, disapproving Yeazel v. Alexander, 58 Ill. 254.

(*k*) McGuire v. Parker, 32 La. Ann. 832. See Ex parte Thornton, 12 Fed. Rep. 551, note.

(*l*) Smith v. People, 1 Park. C. C. 583.

(*m*) Ruggles v. People, 91 Ill. 25; Ohio & Miss. R. Co. v. McClelland, 25 Ill. 660; Galena, etc., R. Co. v. Loomis, 13 Ill. 548; Same v. Dill, 22 Ill. 204.

(*n*) Kirby v. Pennsylvania R. Co. 76 Pa. St. 506; People v. Hawley, 3 Mich. 330; U. S. v. De Witt, 9 Wall. 41.

(*o*) Daniels v. Hilgard, 77 Ill. 640; Dougman v. People, 51 Ill. 277. See Ex parte Ah Pong, 19 Cal. 106; People v. Naglee, 1 Cal. 232; Trinity Co. v. McCammon, 25 Cal. 117.

(*p*) Regents v. Williams, 9 Gill & J. 365; State v. Hayward, 3 Rich. 389; Logan v. State, 5 Tex. Ct. App. 306.

(*q*) Merriam v. Langdon, 10 Conn. 461.

(*r*) Cook v. Pennsylvania, 97 U. S. 566; Freight Tax Cases, 15 Wall. 272; Henderson v. New York, 92 U. S. 268; Fisher v. Patterson, 13 Pa. St. 336.

(*s*) Andrews v. White, 32 Me 388.

(*t*) Huntington v. Cheesbro, 57 Ind. 74.

(*u*) Fisher v. Patterson, 13 Pa. St. 336.

(*v*) Alcott v. State, 8 Blackf. 61; Colson v. State, 7 Blackf. 500 : Merriam v. Langdon, 10 Conn. 160; State v. Belcher, 1 McMull. 40; Com. v. Ober, 12 Cush. 493; Wynne v. Wright, 1 Dev. & B. 10; Page v. State, 6 Mo 205; Cincinnati v. Bryson, 15 Ohio, 625; Mays v. Cincinnati, 1 Ohio St. 268; Fisher v. Patterson, 13 Pa. St. 338; Com. v. Willis, 14 Serg. & R. 398; State v. Hodgdon, 41 Vt. 139; Whitfield v. Longest, 6 Ired. 268; Plymouth v. Pettijohn, 4 Dev. 591; State v. City Council, 10 Rich. 240; State v. Pinckney, Id. 474; City Council v. Ahrens, 4 Strob. 241; Keller v. State, 11 Md. 525.

(*w*) Higgins v. Rinker, 47 Tex. 402.

(*x*) Davis v. City of Macon, 64 Ga. 128.

(*y*) Chicago v. Bartee, 100 Ill. 61.

delivered from a cart.(*z*) A lightning-rod man is a peddler.(*a*) A person who stopped a year at one place, sold there under a license, then removed to another place and sold through an auctioneer, and then to another place, where he stopped for a short time, is a peddler.(*b*) One who has tinware, manufactured in the state, may peddle it under certain restrictions.(*c*)

A drummer or commercial traveler is not a peddler, because he does not carry with him the goods sold.(*d*) Mere solicitors of orders for others, who do not usually carry and deliver the good sold, are not peddlers.(*e*) So going from place to place to solicit by sample and fill orders for sewing-machines is not a violation of the statute forbidding unlicensed hawking and peddling, although occasionally an order was filled by delivery of the sample,(*f*) as selling goods by sample is not peddling.(*g*)

A law imposing an annual tax on "all peddlers of sewing-machines and selling by sample" is a tax on all peddlers of such machines, without regard to the place or production of the material, and is constitutional.(*h*) So an act imposing a tax on itinerant dealers in jewelry is constitutional,(*i*) and plain gold rings and ear-knobs are comprehended in the specification of the term "jewelry."(*j*) The Kentucky statute prohibiting sales by sample in the city of Louisville by non-residents without license, is not unconstitutional,(*k*) but where a state statute creates a fiction in the definition of a peddler, and founds a penalty on such fiction, it is void.(*l*)

A statute imposing a penalty and forfeiture for traveling from town to town, and offering goods for sale in whole or by sample, without taking out a license, does not apply to goods forwarded from without the state upon order of a purchaser, although such order was procured by the agent of the seller.(*m*) A merchant importing cloth manufactured out of the state, which he makes into clothing, cannot sell the clothing in any county as a peddler without a license;(*n*) but a single shipment of goods sold at auction or private sale for the benefit of the shipper is not hawking or peddling.(*o*) Candy made in another state is not "foreign goods," requiring a license for hawking and peddling.(*p*)

An act concerning hawkers and peddlers is not in violation of the commercial clause of the constitution of the United States.(*q*) The usual method is to tax them a specific sum by the year.(*r*) The constitution authorizes the general assembly to tax peddlers, and does not prevent the legislature from authorizing municipal corporations to tax for such purposes.(*s*) An act relative to licensing peddlers, and prescribing a penalty for peddling without a license, will be considered repealed by a later act with which it is inconsistent.(*t*)

(*z*) Davis v. City of Macon, 64 Ga. 128.

(*a*) State v. Wilson, 2 Lea, 28.

(*b*) Mabry v. Bullock, 7 Dana, 337; Hirschfelder v. State, 18 Ala. 112; Jones v. Barry, 33 N. H. 209; Wolf v. Clark, 2 Watts, 298; State v. Hodgdon, 41 Vt. 139.

(*c*) Wolf v. Clark, 2 Watts, 298.

(*d*) Ex parte Taylor, 58 Miss. 478.

(*e*) Taylor's Case, 58 Miss. 479.

(*f*) Com. v. Farnum, 114 Mass. 267. Contra, Morrill v. State, 38 Wis. 428.

(*g*) Com. v. Jones, 7 Bush, 502.

(*h*) Howe Mach. Co. v. Gage, 100 U. S. 676.

(*i*) Wynne v. Wright, 1 Dev. & B. 19.

(*j*) Com. v. Stephens, 14 Pick. 370.

(*k*) Com. v. Smith, 6 Bush, 303; Mork v. Com. Id. 397.

(*l*) Welton v. State, 91 U. S. 275.

(*m*) Burbank v. McDuffee, 65 Me. 135.

(*n*) Woolman v. State, 2 Swan, 353.

(*o*) State v. Belcher, 1 McMull. 40.

(*p*) Hart v. Willetts, 62 Pa. St. 615.

(*q*) Com. v. Ober, 12 Cush. 493.

(*r*) Wynne v. Wright, 1 Dev. & B. 19; Cowles v. Brittain, 2 Hawks, 204; Wilmington v. Roby, 8 Ired. 250.

(*s*) Wiggins v. Chicago, 68 Ill. 372.

(*t*) Hirschfelder v. State, 18 Ala. 112.

A license is a special personal privilege, and where a peddler employs another to drive his wagon the servant will be liable for the penalty provided by the statute.(u) So the privilege to sell clocks under a license is personal, and can be exercised only by the person named therein.(v) The fact that the peddler only carries his parcels on his person is no defense to his not conspicuously posting his name, residence, and number of his license on his parcels.(w) Under the Mississippi Code, imposing a license tax on hawkers and peddlers of goods, it is the occupation that is to be taxed, and not the goods, and it is incumbent on the owner or agent to take out the license.(x) A peddler, not having a license and selling from house to house anything, however small, is liable in Pennsylvania to a penalty of $50;(y) but a traveling peddler without a license, when not engaged in that business, may make a valid sale and delivery of his goods.(z) A warrant directing a seizure of property of two persons as partners for peddling "by their agent" certain sewing-machines, "without having obtained a license," is,upon its face illegal; it must be issued against the actual peddler.(a)

INNKEEPERS AND RETAILERS. A state license imposed by law on innkeepers and retailers is not unconstitutional;(b) but such tax should be limited to the rights imposed by charter.(c) Where county commissioners are made the agents of the state, the license issued by them is a state license.(d) The state license to a tavern keeper, etc., should be paid to the clerk of the county court if granted by the court, and to the clerk of the trustees if granted by them.(e) The distinction between inns and taverns does not exist in this country.(f) The payment of a tax by innkeepers may be made a condition precedent to issuing the license,(g) and before an innkeeper can establish a lien on his guest's property he must procure a license.(h) Does a license to keep a tavern include authority to sell liquors ?(i) To grant or refuse a license to keep an inn, in Pennsylvania, is in the discretion of the court of quarter sessions.(j)

REGULATION OF LIQUOR TRAFFIC. A state may tax liquor dealers(k) or the right to sell intoxicating liquors,(l) and may require payment of a license fee for retailing liquors.(m)

An act imposing a tax on occupations, and a penalty for the non-payment thereof, is constitutional as to retail dealers.(n) An objection that it is unequal and invidious, because those in other business are not required to pay

(u) Gibson v. Kenfield, 63 Pa. St. 168.

(v) Stokes v. Prescott, 4 B. Mon. 37; Maybey v. Bullock, 7 Dana, 387.

(w) Com. v. Cusick, 120 Mass. 100.

(x) Temple v. Sumner, 51 Miss. 13.

(y) Com. v. Willis, 14 Serg. & R. 398.

(z) Brett v. Marston, 45 Me. 401.

(a) Howard v. Reid, 51 Ga. 328.

(b) Bancroft v. Duncan, 21 Vt. 456.

(c) Freeholders v. Barber, 7 N. J. Law, 64.

(d) State v. Dobson, 65 N. C. 346.

(e) Williams v. Com. 13 Bush. 304.

(f) St. Louis v. Siegrist, 46 Mo. 593.

(g) Sights v. Yarnalls, 12 Grat. 292.

(h) Stanwood v. Woodward, 38 Me. 192.

(i) Hirn v. State, 1 Ohio St. 15; Page v. State,

11 Ala. 849; Commissioners v. Jordan, 18 Pick. 228; State v. Chamblyss, 1 Chevos, 220; Commissioners v. Dennis, Id. 229; State v. Prettyman, 3 Harr. 570; Bonner v. Welborn, 7 Ga. 296; Hannibal v. Guyott, 18 Mo. 515; St. Louis v. Siegrist, 46 Mo. 593; Com. v. Thayer, 5 Metc. 246; Overseers v. Warner, 3 Hill. 150.

(j) Toole's Appeal, 90 Pa. St. 376.

(k) Sinclair v. State, 67 N. C. 47.

(l) Bartemeyer v. Iowa, 18 Wall. 129.

(m) Thompson v. State, 15 Ind. 449; Com. v. Byrne, 20 Grat. 165; Staub v. Gordon, 27 Ark. 625; Falmouth v. Watson, 5 Bush, 660.

(n) Harris v. State, 4 Tex. Ct. App. 131; Tonella v. State, 4 Tex. Ct. App. 312; Carr v. State, 5 Tex. Ct. App. 153.

license fees, has no force.(o)  Nor has the objection that those taxed are not assessed according to the business done.(p)

A license to retail liquors is not a contract, and is annulled by a law passed within the life of the license;(q) it is neither a contract nor a grant, but a mere permit, and the person receives it on the tacit condition and knowledge that it is at all times within the control of the legislature.(r)  The fee is part of the police regulations and is not a tax, but is intended rather to prevent such establishments than to raise revenue,(s) and will not be held excessive unless manifestly more than a fee for regulation.(t)

A fee of $250 required of retailers of liquors was sustained as being a police regulation and not a tax;(u) and an annual tax imposed on persons, etc., pursuing the business of selling intoxicating liquors, except such as are manufactured within the state, held void, but sustained on rehearing as to violation of the commercial clause, and the clause on imposts or duties on imports.(v)  A bond for a liquor license must be made to the county, and comply strictly with the state requirement.(w)

MUNICIPAL REGULATIONS OF LIQUOR TRAFFIC.  The legislature may give power to municipal corporations to license the liquor traffic, (x) although its charter contains a prohibitory clause.(y)  So it may authorize a city or county to demand a license for such traffic.(z)

A municipal corporation empowered to impose license fees may make a failure to take out a license and pay the fee subject the offender to fine and imprisonment.(a)  That a city has exclusive power to license liquor dealers therein, raises no implication of exemption from the general state laws taxing them.(b)  A charter authority to license, regulate, tax, or suppress tippling-houses does not give authority to prohibit all sales of liquors within the municipal limits;(c) but where by law the sale of liquor within two miles of the university is illegal, it cannot be licensed.(d)  Under a power to "tax" and to "restrain" the liquor traffic a town may license it.(e)  The corporate authorities of towns, when empowered by their charters to suppress the sale of intoxicating liquors, may declare the unlicensed selling a nuisance.(f)

A municipal corporation may revoke a liquor license.(g)  The board of

(o) Durach's App. 62 Pa. St. 491.

(p) Youngblood v. Sexton, 32 Mich. 406.

(q) Calder v. Kirby, 5 Gray, 597.

(r) McKinney v. Town of Salem, 77 Ind. 213. The license takes effect from the date of its issue, and does not relate back to the order of the board granting it. Vannoy v. State, 64 Ind. 447; State v. Wilcox, 66 Ind. 557. Overruled in Keiser v. State, 78 Ind. 430.

(s) Burch v. Savannah, 42 Ga. 596.

(t) Johnson v. Philadelphia, 60 Pa. St. 445; Ash v. People, 11 Mich. 347; Burlington v. Ins. Co. 31 Iowa, 102.

(u) Baker v. Panola Co. 30 Tex. 86.

(v) Higgins v. Rinker, 47 Tex. 381; Id. 393.

(w) Faxson v. Kelley, 3 Neb. 104.  See Wood v. Stirman, 37 Tex. 584.

(x) Tuck v. Town of Waldron, 31 Ark. 462. Robertson v. Lambertville, 38 N. J. Law, 69.

(y) Dingman v. People, 51 Ill. 277.

(z) Hetzer v. People, 4 Colo. 45; Wiley v. Owens, 39 Ind. 429.

(a) Cincinnati v. Buckingham, 10 Ohio, 257; White v. Kent, 11 Ohio St. 550; Vandine's Petition, 6 Pick. 187; Nightingale's Case, 11 Pick. 167; Shelton v. Mobile, 3 Ala. 540; Chilvers v. People, 11 Mich. 43; Brooklyn v. Cleves, Lalor, 231; Buffalo v. Webster, 10 Wend. 99.  Contra, Butler's App. 73 Pa. St. 448.

(b) Decker v. McGowan, 59 Ga. 805.

(c) Tuck v. Town of Waldron, 31 Ark. 462.

(d) De Bois v. State, 34 Ark. 381.

(e) Mount Carmel v. Wabash Co. 50 Ill. 69.  See Burlington v. Bungardner, 2 Iowa, 603.

(f) Goddard v. Jacksonville, 15 Ill. 583; Byers v. Olney, 6 Ill. 35; Jacksonville v. Holland, 19 Ill. 275; Pekin v. Smalzil, 21 Ill. 464; Block v. Jacksonville, 36 Ill. 301.

(g) Hurber v. Baugh, 43 Iowa, 514.  See Ex parte Whittington, 34 Ark. 394; Hennepin Co. v.

license has a discretion, and cannot be compelled by *mandamus* to issue licenses.(*h*)  The licenses issued by the federal government do not supersede state regulations.(*i*)

AMUSEMENTS AND PUBLIC EXHIBITIONS.  The legislature may require places of amusement to be licensed by proper authority, as a legitimate exercise of the taxing power and part of the police regulation,(*j*) and such fee is not a tax on property.(*k*)  So public amusements may be prohibited, except when licensed.(*l*)  A license to keep a theater will not protect one who exhibits feats of legerdemain.(*m*)

Exhibitions may be regulated or restrained.(*n*)  Only those shows and exhibitions named in the title to the act are included, and concerts are not included.(*o*)  Impromptu characterizations, if performed on successive nights, require a license,(*p*) but prohibiting the setting up of any public show, amusement, or exhibition, does not include a dancing-school.(*q*)  Letting a small room in the upper part of a building for petty dramatic exhibitions, does not constitute the carrying on the business of a theater.(*r*)

GAMBLING AND GAMING HOUSES.  Games of chance or hazard, when made lawful, are usually made so under licensed regulations.(*s*)  An act licensing gaming-houses simply operates as a permission, and does away with the misdemeanor, but does not alter the character of contracts with gamblers.(*t*)  The failure to obtain such license leaves the gambler a public wrong-doer and liable to indictment,(*u*) but the license fee cannot be recovered from one who has failed to take out the license.(*v*)  A city ordinance licensing gaming is null and void, and is no protection against an indictment for the offense.(*w*)

BILLIARD TABLES.  A statute requiring the keeper of a billiard table to take out a license is constitutional,(*x*) and the municipal corporations of cities and towns have the exclusive right to issue the license.(*y*)  The power to suppress and restrain billiard tables implies the power to license them.(*z*)  In Alabama the owner of a billiard table is required to take out a license where the loser pays for drinks at the bar.(*a*).

Where a tax is laid on all "pursuing any occupation, trade, or profession," a person keeping a billiard table for profit is included, but not one who keeps

Robinson, 16 Minn. 381.  As to appeal from decision of commissioners refusing a license, see State v. Commissioners, 15 Ind. 501.

(*h*) Schlandecker v. Marshall, 72 Pa. St. 200.

(*i*) McGuire v. Com. 3 Wall. 387; Purvear v. Com. 5 Wall. 72; Com. v. Thornily, 6 Allen, 445; Com. v. Holbrook, 10 Allen, 300; Com. v. Keenan, 11 Allen, 262; Black v. Jeffersonville, 36 Ill. 301; State v. Carney, 20 Iowa, 82; State v. Stutz, 20 Iowa, 488.

(*j*) Wallack v. Mayor of N. Y. 3 Hun, 84; Mabry v. Tarver. 1 Humph. 94; Trapp v. White, 35 Tex. 387; Germania v. State, 7 Md. 1.

(*k*) Orton v. Brown, 35 Miss. 425.

(*l*) Sears v. West, 1 Murphy, 291; Hodges v. Nashville, 2 Humph. 61; Mabry v. Tarver, 1 Humph. 94; Eldridge v. Heneger, 5 Sneed, 257; Orton v. Brown, 35 Miss. 426.

(*m*) Jacks v. State, 22 Ala. 73.

(*n*) Boston v. Schaffer, 9 Pick. 506; Baker v. Cincinnati, 11 Ohio St. 534.

(*o*) State v. Bowers, 14 Ind. 195.

(*p*) Soc. for Reform. v. Diers, 10 Abb. Pr. 216.

(*q*) Com. v. Gee, 6 Cush. 174.

(*r*) Gillman v. State, 55 Ala. 248.

(*s*) Washington v. State, 13 Ark. 752; Lewellen v. Lockharts, 21 Grat. 570; Tanner v. Albion, 5 Hill, 121; State v. Hay, 29 Me. 457; State v. Freeman. 38 N. H. 426; Com. v. Colton, 8 Gray, 488.

(*t*) Carrier v. Brannan, 3 Cal. 328.

(*u*) People v. Raynes, 3 Cal. 366.

(*v*) People v. Raynes, 3 Cal. 366.

(*w*) State v. Lindsay, 34 Ark. 372.

(*x*) Lewellen v. Lockharts, 21 Grat. 570.

(*y*) Metz v. Com. 2 Metc. (Ky.) 14.

(*z*) Burlington v. Lawrence, 42 Iowa, 681.  See Winooski v. Gokey, 49 Vt. 282.

(*a*) Clark v. State, 49 Ala. 37.

it for amusement merely.(*b*)    Such license takes effect from delivery and not from its date.(*c*)

ENFORCEMENT OF STATUTORY OBLIGATIONS.    Where a license is required by statute, the imposition of a penalty amounts to a positive prohibition of a contract made in violation of the statute.(*d*)    The provision in a bond that the licensee will pay all fines and costs assessed against him for violation of the act is constitutional.(*e*)    No one can keep a dram-shop or drinking-saloon without being amenable to the penalty of the act.(*f*)    The penalties of the Alabama act of 1848 are not repealed by the subsequent acts.(*g*)

A *qui tam* action for the penalty incurred by selling without a license can only be maintained against the person selling, and not against his partner;(*h*) and it is no defense that he carried on the business on account of his employer and not for himself.(*i*)    In such actions the declaration must aver that defendant was such peddler, etc., as is required to have a license, and that he did sell.(*j*)    The grant of a license from a day past releases the penalties for retailing without a license after that day, though before the taking out of the license.(*k*)    The statute may authorize any person to institute suits, either in his own name or in the name of the state, to recover the penalty for its violation.(*l*)    An information for pursuing a taxable occupation without a license must aver whether the amount due is a state or a county tax; for, if the latter, the levy should be alleged and proved.(*m*)    The information must allege that the sale was for profit, or on commission, or for other compensation,(*n*) and the amount of the tax due at the dates of the occupation must be alleged and proved.(*o*)

In Tennessee a remedy by distress warrant is provided against those exercising a privilege without the required license.(*p*)    In New Hampshire the price of goods sold may be recovered back in a civil suit, but the act of peddling is not illegal.(*q*)    An action for the violation of the peddlers' act must be brought in the name of the county or the informer.(*r*)    In such action it is necessary not only to prove a sale, but such a sale as the law forbids by one obviously a peddler.(*s*)    Judgment may be given on presentment and information for the forfeiture inflicted by the statute.(*t*)

REMEDY BY INDICTMENT.    The indictment for doing business without a license must allege whether it is brought under a statute requiring a state license, or under an ordinance requiring city license.(*u*)    It must specify the par-

(*b*) Washington v. State, 13 Ark. 572, denying Stevens v. State, 2 Ark. 291; Tarde v. Benseman, 31 Tex. 277.

(*c*) State v. Pate, 67 Mo. 488.

(*d*) Taliafero v. Moffett, 54 Ga. 150.

(*e*) Kane v. State, 78 Ind. 103. Where a general obligation exists, the legislature may give it local effect, Lycoming v. Unwin, 15 Pa. St. 266.

(*f*) Erb v. State, 35 Ark. 631. The punishment for keeping a saloon or dram-shop without a license is different from that for failure to pay taxes required of those who sell in quantity, State v. Clayton, 32 Ark. 185.

(*g*) Sterne v. State, 20 Ala. 43.

(*h*) Martin v. McKnight, 1 Tenn. 330.

(*i*) Winter v. State, 30 Ala. 22.

(*j*) Prigmore v. Thompson, Minor, 420. See Greer v. Bumpass, Mart. & Y. 94; State v. Aikin, 7 Yerg. 268.

(*k*) City Council v. Corties, 2 Bailey, 186.

(*l*) Wallack v. Mayor of New York, 3 Hun, 84.

(*m*) Crews v. State, 10 Tex. Ct. App. 292.

(*n*) Cousins v. Com. 17 Grat. 807.

(*o*) Archer v. State, 9 Tex. App. 78.

(*p*) State v. Manz, 6 Cold. 557.

(*q*) Jones v. Berry, 33 N. H. 209.

(*r*) Higby v. People, 5 Ill. 165.

(*s*) Bacon v. Wood, 3 Ill. 265.

(*t*) Collins' Case, 9 Leigh, 666.

(*u*) Com. v. Fox, 10 Phila. 204.

ticular act or acts intended to be relied on.(v)  Charging that defendant did on, etc., and at the place occupied for that purpose, unlawfully deal as a merchant, without having a license authorizing him to deal as such, by then and there selling, etc., is suffiicient.(w)  It is not necessary to charge that the goods were sold by retail.(x)  Nor is it a defense that the accused applied to the proper officer for a license and tendered the fee.(y)  Nor is it a ground for quashing, that the price or person to whom the goods were sold is omitted.(z)  Circulating any other license than those properly issued is a felony,(a) and the indictment in such case must directly charge that the license circulated was not properly issued.(b)

An indictment against a peddler for selling without a license must allege facts which constitute hawking and peddling, as the gist of the offense is being engaged in such business.(c)  It must allege that accused has not first obtained a license therefor,(d) and must set forth to whom the sale was made.(e)  If it avers merely a sale made, it is bad.(f)  It should allege that accu ed made peddling his business or occupation.(g)

An indictment which alleges that defendant at a certain time and place was a hawker and peddler and petty chapman, and did then and there go from place to place exposing goods for sale, and did then and there sell certain goods, is insufficient for want of an allegation that he sold the goods as a hawker, peddler, or petty chapman, or while going about as such.(h)  On such indictment the burden of proof is on the prosecution.(i)  Where the indictment alleged that defendant did keep a restaurant, etc., it is sufficient.(j)

In an indictment for an unlawful exhibition it is not necessary that the exhibition was for profit;(k) if it is alleged that defendant did set up and promote an exhibition, designating it, without being first duly licensed therefor, and contrary to the form of the statute, it is sufficient.(l)  Whether or not the selling without a license will warrant a conviction is a question for the jury.(m)—[Ed.

(v) Com. v. Dudley. 3 Metc. (Ky.) 221.
(w) State v. Willis, 37 Mo. 192.
(x) Tracy v. State, 3 Mo. 2.
(y) State v. Myers, 63 Mo. 324.
(z) State v. Miller, 24 Mo. 532; Page v. State, 6 Mo. 205.
(a) People v. Logan, 1 Nev. 110.
(b) People v. Logan, 1 Nev. 110.
(c) Sterne v. State, 20 Ala. 43.
(d) May v. State, 9 Ala. 167.
(e) State v. Powell, 10 Rich. 513.

(f) Com. v. Smith, 6 Bush, 303; Mork v. Com. Id 397.
(g) Alcott v. State, 8 Blackf. 6.
(h) Com. v. Bouckheimer, 14 Gray, 29.
(i) State v. Hirsch, 45 Mo. 429.  Compare State v. Richeson, 45 Mo. 575.
(j) Huttenstein v. State, 37 Ala. 157.
(k) Pike v. State, 35 Ala. 147.
(l) Com. v. Twitchell, 4 Cush. 274.
(m) Merritt v. Shaw, 59 Ala. 46.